McCormick v. Grundy County.

ESTOPPEL:
failure to
assert title.

---

McCORMICK v. GRUNDY COUNTY.

1. County warrant: ASSIGNMENT TO BEARER: EVIDENCE. Where, in an action by M. upon a county warrant, the petition set out a copy

McCormick v. Grundy County.

of a warrant purporting to have been issued to B. *or order*, and by him assigned to S. *or bearer*, it was *held*,

1. That the testimony of a witness that he wrote such copy from, and that it was a correct copy of, the original warrant, which had been since lost, constituted a sufficient basis for the admission of the copy in evidence.

2. That the assignment to S. *or bearer*, and the possession of the instrument by M., were sufficient to enable him to maintain the action.

2. —— INJUNCTION. Where it appeared in such case, that, in a proceeding by certain tax payers against the county judge and treasurer and said B., the treasurer was enjoined from paying any of the warrants issued to B., the county judge from issuing, and B. from receiving others, it was *held*, that an answer by the plaintiff, to an interrogatory propounded by defendant in his answer (Rev. § 2985), as to when and of whom plaintiff purchased the warrant, that he purchased it *after* the injunction, but of S., who purchased it *before*, established a *prima facie* case that the warrant was issued to and assigned by B. before the injunction proceeding.

3. Judgment: RES ADJUDICATA. Where the service of notice upon one of the defendants in an action is held insufficient, and he is not again brought in, the judgment rendered in the action cannot be pleaded against him as *res adjudicata* of the subject-matter, in a subsequent suit.

## Appeal from Johnson District Court.

THURSDAY, MAY 7.

THIS suit is brought upon a county warrant payable to Sandford Baldwin *or order*, and assigned by the payee to E. T. Seymour *or bearer*, and it is so set out in the petition. Verdict and judgment for plaintiff. Defendant appeals. The other facts, necessary to a proper understanding of the case, are stated in the opinion.

*J. D. Templin & Son* and *E. W. Eastman* for the appellant.

*Fairall & Boal* for the appellee.

McCormick v. Grundy County.

Beck, J.—I. At the trial, plaintiff introduced a witness who testified, that the instrument sued on had been in his possession, that he copied it correctly into the petition, that it had since been lost, and that the copy in the petition was a correct one, etc. Thereupon plaintiff offered in evidence the said copy. The bill of exceptions makes no reference to any evidence in regard to the copy of the assignment. Defendant objected to the introduction in evidence of the copy of the warrant, in the following language: "First, because the proof was insufficient to admit said evidence. Second, because said order never was legally assigned or transferred to plaintiff, and he was not the legal holder or owner thereof, and could not sue thereon, and the proof is not sufficient to admit said order in evidence."

*1. County warrant: assignment to bearer: evidence.*

The court overruled the objections and permitted the copy to be introduced in evidence. This ruling is assigned as the first error.

The construction which a majority of the court give to the language of defendant's objection to the introduction of the note in evidence is to the effect that it simply objects to the evidence, first, because the proof of the loss of the instrument was not sufficient; second, that the indorsement, as set out in the petition, is not such a legal assignment as transferred the ownership thereof and right to sue thereon to the plaintiff. This view being conceded, we are agreed that the copy of the instrument was properly admitted in evidence. The proof of the loss of the original was sufficient, and the assignment, as shown in the petition, to Seymour or bearer, and the possession of the instrument by plaintiff, give him a right of action in his own name. No objection having been made in the court below to the introduction of the instrument in evidence, because the correctness of the copy

of the assignment was not proven, it cannot be urged here.

II. The defendant sets out in the answer the further defense, that, on the 9th day of December, 1857, certain
2. —
injunction.
tax payers of Grundy county commenced a proceeeding in the District Court against the county judge and the treasurer to enjoin the issue of other warrants, and the payment thereof, upon a certain contract to build a court house, entered into by the county judge with Sandford Baldwin, as well as to restrain the payment of certain warrants, this one among the number, issued upon said contract. Sandford Baldwin was made a party to this proceeding. The grounds of the prayer for the injunction were the illegal and fraudulent acts of the county judge and said Baldwin in entering into said contract, etc., which it is not important for our purposes to more fully state. A preliminary injunction was allowed upon the petition, and on the 27th day of May, 1858, upon final hearing, a decree was rendered making perpetual the injunction restraining said county treasurer from paying said warrants, and said county judge from issuing others, and Baldwin from receiving the same, and declaring said warrants issued by the county judge null and void. Defendant, in the answer in this case, propounded certain interrogatories to plaintiff, among others, requiring him to answer when and of whom he purchased and received the warrant, etc. He responds by stating, that he purchased it in March, 1864, of E. T. Seymour, who had taken it on the 7th of February, 1857, in payment for an iron safe sold to the county and used for county purposes. The defendant offered in evidence the record of the proceedings and decree in said injunction suit. Upon which plaintiff moved to exclude the same, unless it was shown that Baldwin or some of the defendants therein, at the time of the commencement of the suit,

had the warrant in possession. The motion was sustained and the evidence excluded, to which defendant excepted, and assigns the ruling as the second ground of error. The rights and interests of no one, as a general rule, can be precluded by the proceeding of a court unless he be a party thereto. Without determining whether, in the absence of proof, the warrant would, or would not, be presumed to have been in the hands of Baldwin at the commencement of the injunction suit, we are of the opinion, that, under the pleadings and in view of the condition of the proof, as exhibited by the record, the court did not err in refusing to admit the record in evidence without the proof required. It would seem that, *prima facie* at least, the fact was established that Baldwin did not have the warrant in possession when the suit was commenced, by the evidence of plaintiff as contained in his answers to the interrogatories propounded to him by defendant, which were on file for the use of either party as evidence. They were evidence for the plaintiff, and it is to be presumed they were used for that purpose. It appearing then to the court, *prima facie* at least, that the warrant was not in the hands of Baldwin or any defendant when the injunction suit was commenced, the validity of the instrument was not affected by the decree and proceedings, and they were incompetent evidence and properly excluded.

III. The defendant alleged in the answer that the questions in this case had been duly adjudicated in a 3. JUDGMENT: *res adjudicata.* certain suit in the District Court of Johnson county upon this identical warrant, wherein one Sidney Griffin was plaintiff, and E. T. Seymour and Grundy county were defendants. But it appears, that, in said suit, Seymour was sued as guarantor on the warrant, Grundy county as primarily liable on the paper, being joined as a defendant, and during the course of the pro-

ceedings the service of the notice was quashed and the county was not again brought into court. There was no adjudication of the question as to defendant's liability upon the instrument, and the proceeding is therefore no bar to this action.

The foregoing are the only objections made to the record. We are unable to sustain them. The judgment of the District Court is therefore

Affirmed.