## RUBEY v. CULBERTSON.

Promissory note: ASSIGNMENT: ONUS PROBANDI. Possession of a promissory note is *prima facie* evidence of ownership, and in an action by the holder it is admissible in evidence without, and independent of, a written assignment thereof.

*Appeal from Jefferson District Court.*

WEDNESDAY, OCTOBER 30.

ACTION ON A PROMISSORY NOTE. Trial by the court. Judgment for plaintiff, and defendant appeals. The facts appear in the opinion.

*Charles Negus* for the appellant.

No appearance for the appellee.

MILLER, J. — The petition alleges that defendant and Edward R. Norrell executed their promissory note as follows :

" $178.72.                             *July* 14, 1857.
" Two years after date we promise to pay to the order of Thomas P. Rubey, G. B. Dumeran and H. L. Rutherford, the sum of $187.72 for value received ; negotiable, and payable without defalcation or discount, and with interest from date at the rate of ten per cent per annum
                              " W. B. CULBERTSON,
                              " EDWARD R. NORRELL."

It is further alleged that, at the time of giving said note, the payees thereof were trustees in the Hudson Town Company and authorized to act in that capacity ; that the note was made to said trustees as such as part consideration of certain town lots purchased of said trustees by the makers of the note ; that in 1859 Rutherford died and James A. Terrill became his successor ; that Dumeran

resigned in 1866, and John ·W. Henry became his successor; that afterward Thomas P. Rubey, John W. Henry and James S. Terrill, as said trustees and legal representatives of said Hudson Town Company, assigned said note to the plaintiff, as follows:

" For value received we assign the within note to Webster M. Rubey or order.

"(Signed)      " THOMAS P. RUBEY,<br>
" JAMES S. TERRILL,<br>
" JOHN W. HENRY."

I. The answer admits the execution of the note, but says it was made to the payees in their individual and private capacity and not as trustees; denies that the note has been assigned to plaintiff by any person legally authorized to do so. " And for a further answer to that part of plaintiff's petition which states that Thomas B. Rubey, G. B. Dumeran and Hadler L. Rutherford were trustees of the town of Hudson, and of that part of plaintiff's petition which says that H. L. Rutherford died, and James S. Terrill became his successor as trustee, and that G. B. Dumeran resigned as trustee and John W. Henry became his successor, and that Thomas P. Rubey, John W. Henry and James S. Terrill assigned said note to William M. Rubey, this defendant is not advised." And " defendant says he has admitted and denied all the facts and allegations (of the petition) so far as he has sufficient knowledge or information to form a belief, and asks that all statements and allegations in the petition which have not been denied or admitted " shall be proved.

When the plaintiff, on the trial, offered the note in evidence, defendant objected, " for the reason that there was nothing to show plaintiff to be the owner, and it appeared to be indorsed by three persons, two of them different from the payees; they seemed to have made the indorsement in their capacity as trustees, and there is no explana-

tion why they make the transfer as trustees, no showing that they were in fact trustees, or as such trustees had any right or power to transfer the note." The objection was overruled and the note read in evidence, to which defendant excepted, and assigns this ruling as error.

Treating the defendant's pleading as sufficiently denying plaintiff's title in the note sued on to form an issue, there was nevertheless no error in admitting it in evidence without the proof demanded by appellant. There is no denial *under oath* of the signatures to the assignment, and proof thereof was, therefore, not required. The plaintiff's possession of the note was *prima facie* evidence of his ownership, entitling him to recover in the absence of any evidence rebutting it. Possession being *prima facie* evidence of title, the plaintiff was not required to prove the same by a written assignment. He could have crossed out the assignment on the back of the note and read it in evidence. It was admissible in evidence without and independent of the written assignment. See *Younker* v. *Martin*, 18 Iowa, 143; *Pilmer* v. *Branch of State Bank*, 19 id. 112.

II. Appellant assigns as error the finding and judgment of the court rendered in favor of the plaintiff. The record fails to show that any exception was taken below to the finding or to the judgment, and we are precluded, therefore, from examination of this alleged error. It may not, however, be improper to remark that it would be difficult to see how, under the pleadings, the judgment could have been different.

Affirmed.