## HESSER v. DORAN.

1. **Promissory Note:** EVIDENCE OF OWNERSHIP. Possession of a promissory note is *prima facie* evidence of ownership, enabling the holder to maintain an action thereon. The case made by this evidence, however, is overcome by the direct testimony of the owner that the note was left with the holder for safe keeping only.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE. A motion for a new trial, unaccompanied by a showing of diligence in the preparation of the case to discover the evidence sought to be introduced upon the new trial, should be overruled.

*Appeal from Muscatine Circuit Court.*

MONDAY, OCTOBER 25.

ACTION to foreclose a mortgage executed by defendant, to secure his promissory note payable to plaintiff. There was a decree for plaintiff granting the relief claimed in the petition. Defendant appeals. The facts of the case are stated in the opinion.

*Cloud & Broomhall* and *Kagy & Landes,* for appellant.

The mere possession of a promissory note, in the absence of indorsement or assignment, is *prima facie* evidence of ownership, and the holder may maintain an action thereon. (*Younker v. Martin,* 18 Iowa, 143; *Pilmer v. State Bank,* 19 Id., 142; *Ruby v. Culbertson,* 35 Id., 264.) Where one of two innocent persons must suffer for the wrong of a third, he who puts it in the power of the latter to do the wrong must suffer the consequences. (*McDonald v. Muscatine Nat. Bank,* 27 Iowa, 319; *Calkins v. Whester,* 29 Id., 497.) If the maker of a note pays it after maturity to one holding it, and claiming to own it, who came into possession of it as a finder, the maker is discharged from further liability thereon. (2 Pars. Notes and Bills, 255-6-8-9.)

*Henry Jayne,* for appellee.

Where there never has been any assignment or indorsement conveying an apparent title, payment must be made either to

the owner, or to his duly authorized agent, to release the maker, the only exception being where the proceeds ultimately reach the negligent party, and are accepted by him.  (2 Pars. Notes and Bills, 210; Byles on Bills, 172.)   If the note is not payable to bearer, but transferable by indorsement only, and be paid to the wrong party, the payer is not thereby discharged.  (Bouvier's Inst., 810; Edwards on Bills and Notes, 537–8.)

BECK, J.—I.  The defense interposed to the foreclosure of the mortgage was payment made by the defendant to one

1. PROMISSO-RY NOTE: evidence of ownership.

Knoblock, who had possession of the note, and, upon the payment to him, executed a satisfaction piece upon the record of the mortgage.   The answer alleges that defendant paid the amount of the note to Knoblock in good faith, believing that he was the owner thereof, and had full authority to satisfy the mortgage.   The evidence shows that Knoblock, at the time of payment, had the note and mortgage in his possession, but there is no other proof that he was the owner thereof, or had authority to collect the debt and discharge the mortgage.   The evidence of plaintiff was to the effect that the instruments were left in Knoblock's custody by the plaintiff for safe keeping, without any authority for the collection of the debt, and without transferring to him any interest in the securities.   Upon this evidence the court rendered a decree for plaintiff.   The defendant's counsel insists that it lacks the support of the evidence.  We are of a different opinion.   The *prima facie* evidence of Knoblock's ownership of the note from his possession thereof is overcome by the direct and positive testimony of the plaintiff, that he had no interest in it, and was not authorized to collect it.   It is true that he could have maintained an action upon the note, his possession being evidence of ownership.  But the evidence of plaintiff as given in this action, would have overcome the case made by the possession of the instrument.   The argument of counsel, based upon the right of Knoblock to maintain a suit on the strength of his possession of the paper, does not defeat plaintiff's right to recover.

II.   A motion for a new trial was overruled by the Circuit Court.   It was based upon alleged newly discovered evidence. 2. NEW TRIAL: The motion, we think, was correctly overruled. It newly discov- ered evidence. was not sufficiently supported by a showing of diligence in the preparation of the case for the discovery of the evidence sought to be introduced upon a new trial. *Sully v. Kuhl*, 30 Iowa, 275.   Indeed, there is no showing, or even averment, of any effort to procure for the trial the new evidence, and it cannot be pretended that the defendant was surprised by the introduction of plaintiff's evidence.   It was embodied in depositions which had been on file more than four years.

AFFIRMED.