STODDARD v. BURTON.

1. **Estoppel**: FORMER ADJUDICATION: EVIDENCE. A judgment is conclusive as an estoppel only upon the parties or their privies, and the record of a former adjudication cannot be introduced to affect the rights of a stranger to the proceedings.

2. **Promissory Note**: PRESUMPTION IN FAVOR OF HOLDER. The holder of a note, who presents the same for payment, is presumed to be its legal owner.

3. ———: PAYMENT BEFORE MATURITY. No presumption of want of *bona fides* will attach to the payment, before maturity, of a note which, by its terms, is made payable "on or before" a certain specified date.

4. ———: WHEN THE HOLDER IS NOT THE OWNER. Mere suspicion that the holder of a note is not the owner will not justify the maker in refusing payment; to exonerate him there must be circumstances amounting to clear proof that the possession is fraudulent.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, DECEMBER 8.

THIS is an action upon a promissory note for $978.50, executed by C. W. Burton, payable to C. W. Walker or bearer, dated January 6, 1866, and payable on or before January 6, 1868.

The petition alleges that in the fall of 1866 the note was lost or stolen from the plaintiff, and that soon thereafter the plaintiff sold and assigned his claim against the defendant on said note to I. M. Preston.

The answer denies the allegations of the petition and alleges that about November, 1866, said note was transferred by Stoddard to one J. W. Thompson, and that defendant fully paid to Thompson the amount thereof.

A jury trial was had, resulting in a judgment for plaintiff for $1,875.00. Defendant appeals.

*Hubbard & Deacon* and *C. H. Conklin*, for appellant.

An adjudication is not conclusive upon those not parties to the record or their privies. (*Myers v. Johnson County,*

Stoddard v. Burton.

14 Iowa, 47; *Dorr v. Stockdale*, 19 Id., 269; *Griffith v. Lovell*, 26 Id., 226.) An adjudication upon a mere fact, not necessary to be passed upon and only determined as a step in the reasoning, is not conclusive when the same fact is called in question in another controversy for another purpose. (Broome's Legal Maxims, 6th ed., 257; *People v. Johnson*, 38 N. Y., 63.) A note payable to bearer may be paid before maturity to one who is in possession claiming title, although, if the note afterwards get into circulation, an innocent holder should not be prejudiced. (Edw. on Notes and Bills, 153; Story on Prom. Notes, §§ 113, 384.) A note is good as negotiable paper where payment is made dependent upon a contingency. (*Stevens v. Blunt*, 7 Mass., 240; Story on Prom. Notes, § 28.) To invalidate a payment by the maker to the holder of a promissory note, mere proof of circumstances which would put a prudent man upon inquiry is not sufficient; bad faith on the part of the payer must be shown. (*Lake v Reed*, 29 Iowa, 258; *Goodman v. Simons*, 20 How., 343; *Murray v. Lardner*, 2 Wall., 110; *Cothran v. Collins*, 20 How. Pr., 146.)

*I. M. Preston & Son*, for appellee.

Payment to be valid must be made directly to the holder and legal owner, and the benefit of payment accrues only to one who was compellable to pay. (2 Pars. on N. & B., 208; Byles on Bills, 270.) Payment must be made in the usual course of business, *i. e.* at maturity. (2 Pars. on Notes and Bills, 212.) If a note is paid before it is due, although the maker pays it without notice and to a *bona fide* holder, he is still liable to the loser, the payment being out of the ordinary course of business. (Id., 255; Byles on Bills, 270; Story on Prom. Notes, §§ 200, 375, 384, 386.)

DAY, J.—The evidence shows that the defendant paid the amount of the note to J. W. Thompson, who had it in his possession on the 11th day of October, 1866. Thompson claims that at that time he was the owner of the note under an agreement entered into on the 19th day of March, 1866,

between himself and plaintiff, wherein Thompson agreed to keep and maintain plaintiff and his wife, Annie Stoddard, during their lives, and their grand-daughter, Mary Lovell, until she attained the age of eighteen years, in consideration whereof the note in question and other notes and property were delivered to him.

On the trial the plaintiff was permitted, against the objection of defendant, to give in evidence the transcript of a record in the District Court of Black Hawk county, in an action commenced on the 26th day of January, 1869, wherein Alfred Stoddard was plaintiff, and John W. Thompson, Charles Brown, Duane Brown and W. R. Wilson were defendants, in which a decree was rendered that the contract between Thompson and Stoddard had never been fully completed, and had never become valid or binding as between them, and setting aside and cancelling it, and perpetually enjoining the collection, by Thompson, of a certain other note, which he claimed as consideration in part of said agreement.

The bill of exceptions recites that upon the introduction of said transcript the court refused to hear or receive any further evidence on the part of the defendant, touching the ownership of said note at the time defendant claimed to have paid the same, to which ruling the defendant excepted.

The court also instructed the jury as follows: "4. The whole question as to the right of ownership of said note, as

1. ESTOPPEL: former adjudication: evidence.

between Thompson and Stoddard, having been adjudicated in a suit between said parties, and the same having been determined in favor of said Stoddard, such adjudication is conclusive between these parties, and leaves the question which is submitted to you: Did the defendant have reason to believe that said Thompson had such a title to said note as would authorize the payment to said Thompson, and was such belief caused by the acts of said Stoddard coming to the knowledge of said defendant prior to the payment of said note by said defendant?"

The action of the court in admitting the above evidence, in rejecting further proof on the part of defendant respecting the ownership of the note, and in giving the above instruction, is

clearly erroneous. The defendant was not a party to the former litigation, nor is he in any manner in privity with any one who was a party thereto. That action was commenced more than two years after the defendant paid to Thompson the note in controversy. The defendant cannot, therefore, be in any manner affected by that litigation. As between the defendant and this plaintiff, the question of Thompson's ownership of the note in question, at the time defendant paid it, must be determined as though that decree had never been rendered. *Myers v. The County of Johnson*, 14 Iowa, 47; *Dorr v. Stockdale*, 19 Id., 268; *Huntington et al. v. Jewett et al.*, 25 Id., 249; *Griffith v. Lovell*, 26 Id., 226.

II. The defendant asked the court to instruct the jury as follows: "12. The note in controversy was payable on or before a certain date. This made the note payable at a fixed time absolutely, and sooner if defendant saw fit to pay it sooner. Such were the express terms of the contract, and, therefore, no presumption of bad faith can arise from the simple fact that defendant paid it when he did, though by its terms payment could not have been demanded or enforced at the time. Defendant had the right to pay it whenever he chose to do so."

The court refused this instruction, and gave the following: "8. A promissory note, payable on or before two years after date, is due at the end of two years and not before; the rule of law being that the note becomes due at the time when the payee or legal holder or owner of the same has the right to demand payment, and this is true, although the note provides that the payor may at his option pay the same before the time fixed when it shall absolutely become due."

"9. The payment of a note by the payor before it becomes due, to a stranger who may have possession of the note, will not protect and discharge the maker, if said note has been stolen, or otherwise surreptitiously come into the hands of the party presenting the same."

Other instructions given embrace the same doctrine.

There was error in giving these instructions, and in refusing

that asked. The note was payable to the bearer, and there is a presumption that the person in possession of it, and who presented it for payment, was the owner.

*2. PROMISSORY note: presumption.*

It has been declared in general terms, that the payment of a note which has been lost or stolen, before it is due, does not discharge the maker from liability to the real owner, because the payment is out of the ordinary course of business. 2 Parsons on Notes and Bills, 255, and cases cited.

But the note in question, by its express provisions, at the option of the maker, is payable at any time within two years from its date. Whilst the holder could not enforce payment before January 6, 1868, yet the maker might claim the right to make payment before that time. It cannot be said to be out of the ordinary course of business for the maker to insist upon a provision which was incorporated for his benefit. No presumption against the *bona fides* of the defendant can arise from the time of making payment.

*3. ——: payment before maturity.*

III. The defendant asked the court to instruct in substance that, if Burton paid the note to Thompson in good faith, Thompson being in possession of it, and believing him to be the owner, without actual notice or knowledge that it was stolen, then Burton was protected by such payment, and that mere suspicion on Burton's part as to Thompson's right to demand payment or negligence in making inquiries was not enough to invalidate payment; but to do so, it must appear that Burton had acted in bad faith. The court refused this instruction, and in substance directed that a payment made under circumstances that would put a reasonably prudent man upon inquiry as to Thompson's right to receive payment would not protect nor discharge defendant.

*4. ——: when the holder is not the owner.*

This action was erroneous. Mere suspicion that a person in possession of a note payable to bearer may not be the owner, will not exonerate the maker from payment; but there must be circumstances amounting to clear proof that he is a fraudulent holder. Story on Promissory Notes, section 613,

and cases cited; *Gage v. Sharp*, 24 Iowa, 15; *Lake v. Reed*, 29 Id., 258; *Goodman v. Simonds*, 20 How., 343; 1 Parsons on Notes and Bills, 238; 2 Id., 212, 279:

For the errors discussed, the judgment is

REVERSED.