## TUTTLE v. BECKER.

1. **Promissory Note:** POSSESSION: OWNERSHIP. As between the payee of a promissory note and a stranger having possession, the former is, *prima facie*, the owner.

2. **Title:** OWNERSHIP: VENDOR AND VENDEE. Possession of the paper title to land is not conclusive of the fact of ownership, and where by agreement between the holder of such title and another the latter takes possession as owner in fact, there is a sale to him of the land.

*Appeal from Howard Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION to recover possession of certain promissory notes, and a mortgage given to secure the same. The notes were payable to W. H. Becker, plaintiff's intestate, or order, and the mortgage was also given to him. The defense was that the notes were given in consideration of the sale of certain real estate belonging to the defendant, and that the intestate was a mere trustee, and although as such the notes were made payable to him said intestate had no interest therein, said notes being the property of the defendant. There was a trial by jury, judgment for plaintiff, and defendant appeals.

*H. T. Reed*, for appellant.

*H. C. McCartey*, for appellee.

SEEVERS, J.—I. The only question submitted to the jury was as to the ownership of the notes. They were payable to

.Tuttle v. Becker.

W. H. Becker, but were in possession of the defendant. It 1. PROMISSORY is insisted the court charged the jury that the note: posses- burden of proof was on the defendant. This is just sion: owner-ship. the reverse of the instructions given the jury. By an amended or additional abstract it is shown that the court instructed the jury "the burden of proof is upon the plaintiff." The court, however, did instruct the jury as follows: "The notes in question were executed to W. H. Becker as payee, but this is not conclusive that he was the owner thereof; it, however, raises a presumption in favor of the plaintiff, which the defendant must overcome by evidence to justify a recovery by him."

As between the holder and maker, it was held in *King v. Gottschalk*, 21 Iowa, 512, that possession of a promissory note was *prima facie* evidence of ownership. This ruling, without doubt, is believed to be correct, but the case at bar is materially different. Here the contest is between the payee and a stranger to the note, and in such case the presumption should be indulged that the fact the notes were payable to W. H. Becker created a presumption that he was the owner. If the presumption is the other way, that possession is *prima facie* evidence of ownership, then the thief or wrongdoer would have the owner at a serious disadvantage. The instruction is not erroneous.

II. The land which formed the consideration of the notes was sold to one Bursch, and Mrs. Becker, the widow of W. H. 2. TITLE: own- Becker, being on the stand as a witness, was asked ership: vendor and vendee. to state the conversation between said Bursch and W. H. at the time of the sale. This was objected to on the ground, among others, that the declarations of W. H. could not be introduced as evidence in his own favor. The court ruled that the witness must be limited to stating the transaction, which the witness proceeded to do. In this there was no error. In this connection, the court instructed the jury that the paper title of the defendant to the land sold Bursch was not conclusive as to his ownership thereof, and that the presumption arising therefrom might be overcome by evidence sufficient to satisfy their minds that W. H. Becker was the

real owner. This was followed by another instruction, in which the jury were told in substance if they found from the evidence there was an agreement between John and W. H. Becker, by which the latter was to have the land sold Bursch as his own, and that in pursuance of such agreement W. H. took possession, then there was a sale of the land and it became the property of the said W. H. Becker.

As applied to the facts of this case, these instructions are not erroneous. A valid, sale of real estate existing wholly in parol, when accompanied with possession by the actual or implied consent of the vendor, will under our statute be upheld. Code, § 3565.

Besides this, there was an actual sale of the land, as the jury were justified in finding, by W. H. Becker, a conveyance thereof by the defendant, and the notes for the purchase money made payable to W. H. with the express knowledge and consent of the defendant, as the jury were also justified in finding under the evidence. These facts unexplained would be strongly confirmatory of the theory that the land sold Bursch was in fact that of the intestate.

III. It is urged the verdict is against the evidence. It cannot with truth be said there was no evidence upon which it can be supported. Looking at it from our standpoint we should have been as well satisfied if it had been the other way. But this is not sufficient to warrant us in setting the verdict aside. If we could have heard the evidence, and seen the witnesses, as did the court below, the presumption is that we should come to the same conclusion as did said court, and refuse to set it aside because we believed it to be right.

AFFIRMED.