EVELINE BIGELOW v. ROLLIN BURNHAM, Appellant.

**Conflict of Laws: Action on Note.** A note dated, "Storm Lake, Iowa," executed and delivered by a resident of Iowa in New York, reserved a rate of interest legal in Iowa but illegal in New York, the parties intending that Iowa law should govern the contract, is enforceable in Iowa. (3)

**Variance by Parol.** Whether the presumption that a note is payable where dated is rebuttable by parol is not decided. (3)

**Proving Needless Allegation.** An averment showing how title to a note was obtained is unnecessary where the payee has possession of it, and need not be proven until the presumption of ownership raised by that possession is overcome. (2)

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, FEBRUARY 3, 1894.

ACTION on a promissory note. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Wm. Milchrist* and *C. A. Irwin* for appellant.

*Nagle & Birdsall* and *T. D. Higgs* for appellee.

KINNE, J.—I. Plaintiff sues on a promissory note worded as follows:

"STORM LAKE, BUENA VISTA COUNTY, IOWA.

"For value received, I promise to pay Rufas Burnham or bearer eighteen hundred and fifty-eight dollars and sixty-three cents within one year from date, with interest at seven per cent.

"ROLLIN BURNHAM.

"May 2, 1885."

She, in an amended petition, averred that this note was executed in renewal of an indebtedness from defendant to Rufas Burnham for real estate sold by

the latter to the former, and prayed for the establish-
ment of a vendor's lien upon the land.   The defendant
admitted the execution and delivery of the note, that
it had not been paid, and denied all the other allega-
tions of the petition.   Defendant also pleaded that the
note was executed in the state of New York to evi-
dence a contract there made, and that under the laws
of that state it was void, as in violation of the statutes
relating to usury.   In a reply, plaintiff denies that the
note was executed in New York; avers that, when
executed, defendant was a resident of Iowa, and that
the note was made with reference to the laws of Iowa,
and was in fact an Iowa contract.   The cause was tried
in equity to the court, and a judgment entered for the
plaintiff, but a vendor's lien refused.

II.  This case has once before been in this court.
See 49 N. W. Rep. 104.   On the trial below, plaintiff
introduced in evidence the will of Rufas Burnham, and
the probate thereof in the state of New York.   It is
said that this can not be done, as the will was never
probated in this state.   This will gave to plaintiff
certain property, including the note in suit, after the
payment of lawful debts and obligations of deceased,
his funeral expenses, and certain legacies.   The exe-
cutor testified that all these had been paid before he
delivered the note to plaintiff.   The note is payable to
bearer; it is shown to have been properly delivered
to plaintiff; it was in her possession; and possession,
alone, of such a note, authorizes the holder to sue
thereon.   *McCormick v. Grundy Co.*, 24 Iowa, 382;
*Allensworth v. Moore*, 3 G. Greene, 273; *Riggs v. Price*,
*Id.* 334.   In the case at bar, plaintiff's petition con-
tained an unnecessary allegation showing how she
derived title to the note.   If she had simply averred
her ownership and possession, and claimed the amount
due thereon, it would have been a sufficient allegation
of her title; and, the note being in her possession, the

presumption of law would obtain, until rebutted, that she was the owner of the instrument. *Allensworth v. Moore, Id.* 273; *Rubey v. Culbertson,* 35 Iowa, 264; *Stoddard v. Burton,* 41 Iowa, 582; *King v. Gottschalk,* 21 Iowa, 512; *Hesser v. Doran,* 41 Iowa, 468. Now, although plaintiff had made an unnecessary allegation in her petition, she was not bound to establish the same on the trial. As the defendant introduced no evidence to overcome the presumption of ownership which arises from the possession of the note, plaintiff's case, as to title to the note and right to sue thereon, was established *prima facie* by her introduction of the note in evidence; and the introduction of the will, and probate thereof, to show how her title was devolved, was not necessary until defendant had introduced evidence to overcome the legal presumption which arose from her possession of the note. Hence, we may discard the will and its probate entirely, and still plaintiff's case, as to title and right to sue, is complete. Under these circumstances, we need not determine whether the will, and probate of it, could properly be introduced in evidence, as, if error, it could work no prejudice.

III. On the former appeal, it was held that the note, on its face, would be presumed to be payable in Iowa; that where a contract was made in one state to be performed in another, and a rate of interest was contracted for which was lawful in the one state and unlawful in the other, it would be presumed that the parties contracted with reference to the laws of the state wherein the stipulated rate of interest was lawful, and such presumption would prevail until overcome by proof that the transaction was a device to defeat the law against usury. It was also held that, in cases like that at bar, the law will effectuate the intention of the parties. These propositions are all supported by authorities cited in the opinion. *Bigelow v. Burnham,*

83 Iowa, 120; 49 N. W. Rep. 104.  Counsel for defend-
ant contend that the  contract was made in New York,
and was to be performed there, and, as it reserved a
greater rate of interest than is allowed under the laws
of that state, it is void.   We have, no doubt, from the
record now before us, that the contract evidenced by
the note was made in New York.   Defendant went to
New York from Iowa on a visit, and, while at his father's
house, entered into the agreement to borrow the money
for which the note was given.   The note, while dated
in Storm Lake, Iowa, was, in fact, executed and deliv-
ered in New York.   The money loaned was there paid
over to defendant.   In view of what was said in the
former appeal, and of the grounds on which we rest
our present decision, we do not deem it necessary to
enter into a discussion of the question as to whether
the presumption which the law raises as to the place of
payment being in the state of Iowa can be overcome
by parol evidence showing that payment was to be
made elsewhere.   Now, it is conceded by counsel that
a citizen of one state may loan money to a citizen of
another state, and contract for the rate of interest
allowed in the latter state.   If that was the transac-
tion between the parties to this note, then it may be
enforced in this state.   We think the parties entered
into this contract in view of, and expecting it to be con-
trolled by, the laws of Iowa, and that it is valid and
enforceable here.   From the record, it appears that
defendant had, for a long time before the execution of
this note, been a resident of Iowa, and when he execu-
ted it he was such a resident.   It seems clear that it
was the intention of his father, in making the loan, to
have it controlled by the laws of Iowa.   Both parties
knew that a note drawing seven per cent. interest would
be void under the laws of New York.   The note was
dated "Storm Lake, Iowa;" no particular place of pay-
ment was mentioned; and, at least, in the absence of

evidence to the contrary, it would be payable there. The conversation had with reference to the dating of the note clearly indicates that, so far as the payee was concerned, he intended the contract to be governed by our laws. The defendant accepted the money knowing that, and we think, under all the circumstances, it should be held that both parties entered into the contract in view of the law of Iowa as to interest. The defendant, for years, treated the contract as valid and binding upon him under our law; and he ought not now to be permitted, under all the circumstances, to claim that it was a device to defeat the usury laws of New York. We have not deemed it necessary to refer to the authorities, as they are fully cited in the opinion on the former appeal. Besides, there is no contention as to the right of parties, in such a case, to contract with reference to the rate of interest lawful in either state, and we hold that the testimony shows that that is what was done in the case at bar. We discover no reason why defendant should not pay this note. The judgment below is AFFIRMED.