DOUGLAS ROY, Admr., Plaintiff, Appellee, v. SUSAN DUFF, Defendant, Appellant.

BILLS AND NOTES:   Naked Possession by Stranger—Presumption of Ownership.   The mere naked possession of a negotiable instrument payable to order, without any evidence of indorsement, assignment, delivery or gift, is not prima-facie evidence of ownership *against the payee* or his representative.

PRINCIPLE APPLIED:   A deceased was admittedly, at one time prior to her death, the owner of several negotiable instruments payable to her or to her order.   After her death, the instruments were found in the possession of a stranger to the note, who claimed ownership under a gift from the deceased.   The administrator brought action in replevin for the possession of the instruments, claiming that the deceased was the owner thereof at the time of her death.   On the trial, the administrator established ownership in the deceased at the time the instruments were executed, that he had made demand on the defendant for the surrender of the instruments, and rested.   The defendant introduced no evidence of delivery or gift to her, claiming that the law raised the presumption from her mere possession that she was the owner.   *Held,* the law under such circumstances would indulge no such presumption against the payee or her representative, but would presume the contrary.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, Judge.

FRIDAY, MAY 14, 1915.

ACTION by an administrator to recover the possession of certain negotiable paper issued and made payable to plaintiff's intestate, against one who claims to be the owner by gift, and

rests his right to the possession and ownership of the note upon the mere evidence of possession. Judgment for the plaintiff in the court below. Defendant appeals.—*Affirmed.*

*J. P. Steele, A. W.* and *Phil R. Wilkinson,* for appellant.

*John A. Guiher,* for appellee.

GAYNOR, J.—Plaintiff is administrator of one Margaret Bennett, who died in the month of July, 1913. This action is brought to recover the possession of five certificates of deposit and of one promissory note. At the time this action was commenced, these certificates and the note were in the possession of the defendant, Susan Duff. The plaintiff prayed that the defendant be required to turn them over to him as administrator. Susan Duff, answering, admitted that at one time Margaret Bennett was the owner of the note and certificates, but denies that she was the owner at the time of her death. Admits that the certificates and note are in defendant's possession, but alleges that they were given to her by Margaret Bennett. Upon this issue, the case was tried without a jury, a judgment rendered for the plaintiff, requiring the defendant to surrender to plaintiff, administrator, the certificates and note. From this judgment, defendant appeals.

The evidence in this case is very brief.

W. J. Cornell testified as follows: "I have been the cashier of the Citizens' National Bank for more than twenty-five years, and still occupy that position. I knew Margaret Bennett in her lifetime. On the 28th of April, 1913, the Citizens' National Bank issued a certificate of deposit to Mrs. Bennett for eight hundred dollars. Margaret Bennett is now dead and the certificate of deposit has not been paid. On the 26th of September, 1912, the Citizens' National Bank of Winterset, Iowa, issued a certificate of deposit to Margaret Bennett for five hundred dollars which has not been paid. Said Citizens' National Bank also issued a certificate to Mar-

1. BILLS AND NOTES : naked possession by stranger : presumption of ownership.

garet Bennett for nine hundred dollars on the 27th day of November, 1912, which has not been paid. On March 26, 1913, the said Citizens' Bank issued a certificate for six hundred dollars to said Margaret Bennett, now deceased, which has not been paid. On April 28th, 1913, the said Bank issued a certificate to · Margaret Bennett for six hundred dollars which has not been paid. There was a certificate issued on the 28th day of April for eight hundred dollars which has not been paid. None of these certificates has been paid by the Bank.''

W. I. Rhyno testified: "I have been acquainted with Margaret Bennett during her lifetime. Exhibit 'F' is a note that my wife and I executed to Margaret Bennett for corn and hogs off the farm of Frank and Margaret Bennett's. The note has not been paid.''

Upon the trial, these certificates of deposit and the note were produced by defendant on request of plaintiff, and were introduced in evidence, and are the certificates and note in controversy. This is all the evidence.

From the evidence and the admission in the answer, it is apparent that the certificates in question were issued and payable to Margaret Bennett; that they were issued as evidence of deposits made by her in the bank, and were payable to her or her order; that the note was executed and delivered to Margaret Bennett as evidence of an indebtedness from the maker to her; that this note was payable to her or her order.

The defendant admits that Margaret Bennett was, at one time, the owner of these certificates and claims that, prior to her death, Margaret Bennett gave them to her. She had them in her possession at the time demand was made upon her for them, and at the time this suit was commenced.

At the conclusion of all the testimony hereinbefore set out, defendant moved for judgment, basing his motion on the ground that the evidence was wholly insufficient to justify judgment for the plaintiff.

There is no claim that the notes were endorsed in blank

or otherwise by Margaret Bennett. Nor is there any evidence of any assignment in writing or otherwise of the note by Margaret Bennett to the defendant. Nor is there any evidence of any delivery or gift of the note and certificates by Margaret Bennett to the defendant. The only question is, therefore, was the possession of the note and certificates by Susan Duff, under the circumstances, such evidence of ownership as entitled her to have a judgment in her favor, as against the showing made by the plaintiff? Or, in other words, was the showing made by plaintiff sufficient to justify the court in holding that the property and right of possession in the certificates and note were in the plaintiff as administrator of the estate of Margaret Bennett?

Sec. 3060-a16 of the Supplement of 1907 provides: ''As between immediate parties, and as regards a remote party other than a holder *in due course,* the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be;  .  .  .  But where the instrument is in the hands of a holder *in due course,* a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party *whose signature appears thereon,* a valid and intentional delivery by him is presumed until the contrary appears.''

Sec. 3060-a30 provides: ''An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the *holder* thereof if payable to *bearer,* it is negotiated by *delivery;* if payable to *order,* it is negotiated *by the indorsement* of the holder, completed by delivery.''

Sec. 3060-a49 provides: ''Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer.

But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made.''

Sec. 3060-a52, under the head, ''What constitutes a holder in due course,'' provides, ''A holder in due course is a holder who has taken the instrument under the following conditions:

''1. That the instrument is complete and regular upon its face.

''2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

''3. That he took it in good faith and for value.

''4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.''

These are the provisions of our law merchant so far as is necessary to consider the statute in its relationship to this case.   There can be no controversy under the law that, in an action *against the maker* of a note by a holder, the production of the note upon the trial, in the possession of the plaintiff, is prima-facie evidence of his right to maintain the action.   This is the holding in *Younker v. Martin*, 18 Iowa 143; *Rubey v. Culbertson*, 35 Iowa 264.

The defendant would, as against the maker of the note or certificate, be entitled to maintain an action, and her right would be sustained by the production of the notes upon the trial, and a showing that she was in possession of the same.

The presumption indulged in in favor of the plaintiff against the maker, in a suit upon a note payable to order, not indorsed, is not indulged in in a suit by the legal owner against a stranger to the note, though in possession.

The title to negotiable instruments passes by indorsement.   The rule of presumption of ownership in favor of one in possession of personal property does not obtain generally as to negotiable instruments.

The certificates, in themselves, with the admission of the defendant, show beyond controversy this fact. Margaret Bennett was the original owner; she deposited the funds that these certificates represent in this bank; she took these certificates of deposit as evidence of this fact, payable to her own order. ·She, therefore, acquired a title to these certificates as shown by this record. This title is presumed to continue until it is shown to have been divested, and we take it to be the rule that the mere possession of such paper, without indorsement, where there is no evidence of a consideration paid, and no evidence of delivery except the possession, is an insufficient showing of the passing of title to the defendant.

The general rule is recognized in this state that the possession of personal property is prima-facie evidence of title in the possessor, and casts a burden upon one who seeks to dispossess him of the property to show title and right to do so. The title to personal property generally passes on delivery. Until the contrary appears, the title is presumed to have passed with the delivery, and the person in possession is presumed, nothing further appearing, to be not only entitled to the possession, but to be invested with the title. Delivery is the usual method of consummating a sale. Therefore, from the possession of personal property, a reasonable inference arises that the person is not only entitled to the possession, but is, in fact, the owner of the property. This, of course, is a rebuttable presumption, but, until rebutted, must prevail.

But, in the case of negotiable instruments, where the title passes by indorsement, no such presumption can be indulged in as against a payee named in the note, in the absence of any·indorsement, or in the absence of any evidence ' of a transfer· of title from him. The mere possession of a negotiable promissory note or any negotiable instrument, the title to which passes under the law merchant by indorsement and delivery, is not prima-facie evidence of ownership as against the payee. The absence of the indicia of ownership is wanting, and mere possession does not supply this.

*Tuttle v. Becker,* 47 Iowa 486, was an action to recover the possession of certain promissory notes. The notes were payable to W. H. Becker, plaintiff's intestate, or order. The defense was that the notes were given in consideration of the sale of certain real estate belonging to defendant, and that the intestate was a mere trustee, and although, as such, the notes were made payable to him, said intestate had no interest therein, the notes being the property of the defendant. The only question submitted to the jury was as to the ownership of the notes. They were payable to W. H. Becker, plaintiff's intestate, but were in the possession of the defendant. The trial court, among other things, said to the jury: "The notes in question were executed to W. H. Becker, as payee, but this is not conclusive that he was the owner thereof; it, however, raises a presumption in favor of the plaintiff which the defendant must overcome by evidence to justify a recovery by him." This court said: "As between the holder and maker, it was held . . . that possession of a promissory note was prima-facie evidence of ownership. This ruling, without doubt, is believed to be correct, but the case at bar is materially different. Here the contest is between the payee and a stranger to the note, and in such case the presumption should be indulged in that the fact that the notes were payable to W. H. Becker, created a presumption that he is the owner. If the presumption is the other way and possession is prima-facie evidence of ownership, then the thief or wrongdoer would have the owner at a serious disadvantage."

The case of *Gano v. McCarthy,* Administrator, 79 Ky. 409, is a case right in point. It appears in this case that Samuel Devor executed and delivered his note to one Florence McCarthy. McCarthy died, and, shortly after, Devor, the maker of the note, died. Mary Straughn, a niece of McCarthy, after the latter's death assigned this note for a valuable consideration to R. M. Gano. Tarleton, the administrator of McCarthy, instituted suit against the administrator of Devor's estate to recover the amount of the debt. The administrator of Devor's

estate admitted that the estate was owing the note, but pleaded
that R. M. Gano was in possession with a claim to be the
owner. Gano interpleaded, and alleged that McCarthy, prior
to her death, made a voluntary gift of the note to her niece,
Mary Straughn, and that Mary assigned it for full value to
him. The court said: "There was no assignment of the note
by appellee's intestate to his niece. The only question is, was
the possession of the note, under the circumstances, such evi-
dence of ownership as required the jury to pass upon the issue
made? We think not. Here was an issue directly made, as to
the title and ownership of the note, by the personal representa-
tive of the party to whom the note was executed and delivered.
It is conceded by the pleadings and shown by the proof that
the note was executed and delivered to plaintiff's intestate,
and his original title and possession being unquestioned, the
burden was on the party claiming the note to show the manner
in which his assignor secured title, and the mere fact of pos-
session, upon such a state of facts, was not prima-facie evi-
dence of ownership. That there might have been such a gift
of the note, or a verbal sale of it, by the intestate to his niece,
as to prevent a recovery by his personal representative, is not
doubted, but such a defense must be sustained by the proof,
and the law will not presume the existence of such facts from
the mere possession of the note by the claimant, as will deprive
the owner of title. The presumption is, that the title and
right to possession is with the original owner, and the burden
is on the claimant to show that his possession is rightful.
The party admitted to be the original owner, is not required to
show, in addition to the title and possession in himself, that
this possession he has been deprived of by the unlawful act
of the defendant, but the explanation as to how the claimant
derived title and possession is with the latter. If the recog-
nized rule of law, applicable to the ownership of personal
property, is to be applied to a due bill or commercial paper in
the possession of the party claiming it, still the recovery in this
case was properly denied. The possession of personal property

is prima-facie evidence of ownership, but where the party claiming to be the owner establishes his title, and the fact that he was in possession and the party, against whom he is seeking to recover, claims to hold under him, the mere fact of possession by the claimant is not such evidence of the possession's being rightful as will prevent recovery. It would be an easy matter to deprive the owner of property if, in such a case, he were required not only to make his action good by showing title in himself, but must, in some other manner than the exhibition of his title, negative the idea that the possession of the defendant is wrongful.''

In Daniel on Negotiable Instruments, Sec. 812, it is said: ''But the presumption of bona fide ownership [from possession] does not apply where the instrument is not payable to bearer, unless it be endorsed specially to the holder or in blank.''

In *Robertson v. Dunn*, 87 N. C. 191, that court said: ''The note in suit was never endorsed. The defendant's intestate was the holder, and the plaintiff's intestate had the legal title. The defendant's intestate unquestionably had the right to bring the action upon the note as holder and recover judgment thereon, for when the holder produces the note sued on and offers it in evidence, it raises a presumption of fact that he is the owner, and, unless rebutted by the defendant, entitles him to judgment. . . . But it is a presumption which is only evidence against the *defendant in an action upon the note* and, as a mere presumption, cannot avail the holder in an action brought against him by the legal owner.'' See also *Holly v. Holly*, 94 N. C. 670, in which the doctrine is recognized that the possession of an unendorsed negotiable note raises a presumption of fact, as between the holder (that is, the one in possession) and the maker, that the holder is the owner, but this presumption does not arise as between the person in possession and the payee who has the legal title.

*Vastine v. Wilding*, 45 Mo. 89, reported in 100 Am. D. 347, is a case which involves a controversy between the admin-

istrator of the payee in a negotiable promissory note and a stranger to the note in possession at the time of the demand and suit. The court, in passing upon the question, said: ''The certificate itself establishes beyond controversy the fact that Berger [the payee] was its original owner; that he deposited the fund, and, as evidence of his title, took a certificate of deposit payable to his own order. His title thus acquired must be presumed to continue until a divestment of it is shown; and a mere manual delivery of the paper, without endorsement, and unaccompanied with evidence of a consideration paid, would not, of itself, pass the title.'' The court further said: ''Possession is prima-facie evidence of title when paper is made payable to bearer, as bank notes; or where, if payable to order, the paper has once been properly endorsed and put in circulation.'' The court propounds this question: ''Possession of unendorsed negotiable paper may well be received as prima-facie evidence as against a stranger to the title; but is the naked and unexplained possession of such paper prima-facie evidence as against the payee therein named?'' The court answers this question in the negative. See *Robertson v. Dunn,* 87 N. C. 191, in which the Supreme Court of North Carolina recognizes the doctrine hereinbefore set out. See also *Lawson on Presumptions,* Chap. 8, Rule 29, Div. A, page 164.

With the authorities above cited supporting the holding of this court, as announced in *Tuttle v. Becker, supra,* we are satisfied that the court below committed no error in entering judgment for the plaintiff. The cause is, therefore,— *Affirmed.*

Deemer, C. J., Ladd and Salinger, JJ., concur.