A. D. FRANSHAM, Appellant, v. TOW BROTHERS et al., Appellees.

**BILLS AND NOTES:** Actions—Prima-facie Right to Recover. An assignee in trust of a negotiable promissory note payable to order, in suing on the note, makes a prima-facie case for recovery when he pleads and offers in evidence (1) the promissory note, (2) the indorsement in blank thereon, and (3) the written assignment in trust; it appearing that the *genuineness* of the signatures to the trust agreement and on the note was not *in any manner put in issue* by defendant.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 11, 1923.

ACTION to recover on a promissory note. At the close of the plaintiff's testimony a motion for directed verdict in favor of the defendants was sustained by the court. Judgment for costs was entered on the verdict. Plaintiff appeals.—*Reversed.*

*J. M. Dower* and *Kirkland & White,* for appellant.

No appearance for appellees.

DE GRAFF, J.—This is an action to recover on a negotiable promissory note executed on October 7, 1920 in the sum of $5,000 payable to Ernest Melberg and signed by Tow Bros., a partnership consisting of Gus H., Linc, and Chester Tow. Gus H. Tow died subsequently to the execution of the note and Bertha Tow, as administratrix, was substituted. Nominally the plaintiff sues in his individual capacity, but his petition alleges that he is "the holder and owner of said note in trust." It is further pleaded, and the evidence so shows, that prior to the maturity of the note the payee, Melberg, indorsed and trans-

ferred the note to the Amàna Society, and thereafter said society transferred said note in writing in trust to the plaintiff herein.

The provocation for the ruling of the trial court in directing a verdict for defendants, which constitutes the basis of this appeal, is the allegation in plaintiff's petition that the payee "indorsed, transferred, and negotiated said promissory note to the Amana Society, a corporation," and that plaintiff is "the holder and owner of said note in trust for said Amana Society, a corporation."

The trust agreement whereby plaintiff became the trustee of said note is in words and figures the following: "The undersigned the Amana Society, a corporation, does by these presents turn over to A. D. Fransham in trust a certain promissory note for five thousand dollars ($5,000), dated October 7, 1920, and executed by Tow Brothers, Gus H. Tow, Linc Tow and T. G. Tow, in favor of Ernest Melberg, and indorsed and transferred by the said Melberg to the Amana Society.

"The undersigned does hereby give full authority to the said Fransham to collect the same, and if necessary he is hereby given authority to institute an action in his own name against all of said makers, and said indorser, Melberg, and to obtain a judgment against them and to take all such steps as he deems necessary to enforce the collection of said note from any or all of said parties.

"Now in consideration of which, the undersigned further hereby indemnifies and holds the said Fransham harmless against all costs, fees and expenses incident to the collection, including the prosecution of an action to recover upon said note.

"Dated at Marengo, Iowa, May 7, 1921.

Amana Society By Wm. F. Foerstner.<br>Its Agent."

The defendant-makers answer by general denial but expressly admit in the answer that Gus H., Linc, and Chester Tow constituted a partnership at the time the note was executed, and further admit that said partnership executed a note payable to Ernest Melberg. The defendant Melberg in answer to plaintiff's petition admits the allegations therein as to the execution and delivery of the note, and the sale and transfer thereof by him to the Amana Society. Tow Bros. also pleaded fraud in the

inception of the note which caused a reply to be filed by plaintiff which contained the statutory recitals necessary to constitute him a holder in due course. Neither the question of fraud nor the *bona fides* of the plaintiff are involved on this appeal as no evidence was introduced on these issues.

At the close of plaintiff's testimony defendants moved for a directed verdict. This motion was sustained on the ground that there was no·evidence to support plaintiff's action. This is the primary question and in making answer thereto some elementary legal propositions must be restated. The stage setting is easy to understand. Clearly the plaintiff had the statutory right to institute in his name the instant suit. He was a trustee of an express trust and was entitled to sue in his own name without joining₁ with him the party for whose benefit he prosecuted the action. Code Section 3459. Furthermore, plaintiff was the holder of a negotiable instrument and was entitled to sue thereon in his own name and payment to him in due course would discharge the instrument. Section 3060-a51, Code Supplement 1913. The note in suit is order paper. It was indorsed in blank. It was in the possession of a person other than the payee. The presumption exists that the person in possession of such instrument is the owner and possession under such circumstances is sufficient evidence of title to make a prima-facie case. *Stoddard v. Burton*, 41 Iowa 582; *American Exp. Co. v. Peoples Sav. Bank*, 192 Iowa 366. Plaintiff as a witness produced the note and identified himself as the plaintiff and holder of said note. Was he entitled to judgment if no evidence was offered on behalf of the defendants? Three items of documentary evidence were before the court: the note, the indorsement of the payee, Melberg, and the written assignment of the note by·the Amana Society to the plaintiff in trust for the society. There was no verified denial of the execution of any instrument involved or of the signature to any instrument. On the contrary the execution of the note is admitted not only in the pleadings but also by express stipulation and concession on the trial. A plaintiff is not compelled to prove more than is necessary to entitle him to the prayed relief, nor is it material that he assumed a burden of proof greater than required. Code Section 3639; *Security Sav. Bank v. Capp*, 193 Iowa 278. The plaintiff

alleged his representative capacity and it was sufficient to state generally the facts constituting that capacity or relation. Code Section 3627. If the defendant sought to controvert such allegation the denial must be specific. Code Section 3628; *University of Chicago v. Emmert,* 108 Iowa 500.

At the initial point of this trial the trial judge expressed what he conceived to be the crucial question and which later became the basis for his action in directing a verdict on behalf of the defendants. The record discloses the thought of the court in these words: "The question is whether that [the trust assignment] is the act of the Amana Society—whether or not this assignment was executed by the Amana Society." Again, "You present a paper which purports to be executed by a corporation, and therefore that very paper itself must fall unless you show that it is a corporation, and that this paper is executed in harmony with the organic law of that corporation." Was the plaintiff under the instant pleadings and the issues joined entitled to put the instruments in evidence without further proof? There was no issue as to the signature to any instrument or to the genuineness of any instrument. The signatures and the indorsements on the pleaded instruments are deemed genuine and admitted. Code Section 3640. If the defendants by statutory denial put the question of genuineness in issue, the burden of proof was then upon the defendants. A general denial does not put in issue the existence of a corporation and there was no issue on the authority of the agent to transfer the instrument in trust.

Briefly stated, the execution of the note was admitted by the makers. Plaintiff sufficiently pleaded his trusteeship, and was the holder and in possession of the duly indorsed note. He had a statutory right to institute the action. He was entitled to put in evidence the instruments in question without further proof. He established a prima-facie case and it was upon the defendant-makers to proceed with their evidence or suffer judgment. The trial court was in error in sustaining defendants' motion for a directed verdict and in entering judgment upon that verdict. Wherefore the judgment is—*Reversed.*

PRESTON, C. J., STEVENS and VERMILION, JJ., concur.