FARMERS & TRADERS STATE BANK OF BONAPARTE, Appellee, v. FIRST NATIONAL BANK OF FARMINGTON, Appellee; GEORGE MATTERN, Guardian, Appellant.

BILLS AND NOTES: Actions—Title to Sustain Action. The mere
1   offer in court of an unquestioned nonnegotiable certificate of deposit by the indorsee-possessor thereof, constitutes prima-facie evidence of title in and to the instrument.

**PLEADING: Signature and Verification—Denial by Guardian—Effect.**
2   The guardian of an insane person may, by sworn answer, put in issue the genuineness of the purported signature of his ward as indorser of a nonnegotiable certificate of deposit, and thereby throw upon the holder-plaintiff the burden of proving the genuineness of such signature. (Sec. 11218, Code of 1924.)

**WITNESSES: Competency—Transaction With Insane Person.** The
3   wife of the indorsee of a certificate of deposit is incompetent to testify, against the guardian of the original payee, as to the genuineness of the signature of the latter as indorser, especially when it appears that the wife not only actively participated in the negotiations between her husband and the indorser, but was financially interested in the final claimed transfer of the certificate.

Headnote 1: 8 C. J. p. 1007 (Anno.)   Headnote 2: 32 C. J. p. 785 (Anno.)   Headnote 3: 40 Cyc. p. 2282.

*Appeal from Van Buren District Court.*—F. M. HUNTER, Judge.

JUNE 25, 1925.

REHEARING DENIED DECEMBER 17, 1925.

ACTION by indorsee against the maker of a certificate of deposit, in which action the payee of said certificate was interpleaded as a defendant. The opinion states the material facts. On motion of the plaintiff, the cause was transferred to equity for trial. The equities were determined in favor of the plaintiff, and from the judgment entered, the interpleaded defendant appeals.—*Reversed.*

*Hollingsworth & Hollingsworth,* for appellant.

*Sloan & Sloan* and *J. C. Calhoun,* for appellee.

DE GRAFF, J.—The essence of the petition of plaintiff is the recovery of a judgment by it as an indorsee and holder of a nonnegotiable certificate of deposit against the maker, the orig-

1. BILLS AND NOTES: actions: title to sustain action.

inal defendant. If the genuineness of the signature of the payee-indorser had not been questioned in legal manner, the profert *ad curiam* of the certificate by the plaintiff, as indorsee thereof, would have

been sufficient to establish a prima-facie case. *Stoddard v. Burton*, 41 Iowa 582; *Bigelow v. Burnham*, 90 Iowa 300; *American Exp. Co. v. Peoples Sav. Bank*, 192 Iowa 366. The impeachment of the indorsement, presently to be noted, gives rise to the primary question on this appeal; and the answer thereto is controlling.

A brief introduction of the parties will make understandable their respective claims. Plaintiff, the Farmers & Traders State Bank, is a corporation engaged in the business of banking at Bonaparte, Iowa, and pleads that it is the owner of the certificate of deposit in suit by purchase thereof from J. I. O'Brien, the assignee of one Mary Morrisey, the payee named in said certificate. The defendant First National Bank is a corporation engaged in the banking business at Farmington, Iowa, and is the maker of said certificate. On November 12, 1919, the defendant bank issued to one Mary Morrisey (the interpleaded defendant) its certificate of deposit in the sum of $783.65, payable to order 6 or 12 months after date, with interest at 4 per cent, on the return of the certificate properly indorsed, with no interest after maturity. The defendant maker in answer admitted the execution and delivery to payee Mary Morrisey of the certificate in suit, but alleged that, prior to the commencement of the action, a written stop-payment order had been given to it by the payee "for reasons set forth in her affidavit" bearing date May 13, 1921, attached to and made a part of its answer. Defendant prayed, therefore, that the payee Mary Morrisey be made a party defendant, as a necessary party "for the proper determination of the cause." The prayer was granted, and Mary Morrisey was duly interpleaded in the cause. Upon the service of the original notice on Mary Morrisey, it was discovered that she was under legal guardianship in Lee County, Iowa, as a person of unsound mind, and had been since September 21, 1921. Thereupon it was ordered that her guardian, George Mattern, be made a party defendant, and that notice be served upon him, as provided by law. This was done, and thereafter the guardian filed answer to the petition of plaintiff, alleging under oath that "he has no knowledge or information sufficient to form a belief as to the genuineness

2. PLEADING: signature and verification: denial by guardian: effect.

of the signature of his ward Mary Morrisey to the indorsement of the certificate,'' and denying that the signature of his ward in said indorsement is a true and genuine signature.

It appears from the answer of the defendant bank that, on April 24, 1921, the certificate was turned over to J. I. O'Brien by Mary Morrisey, and that, about five days later, she demanded its return, and that, on the 12th day of May, 1921, she served notice upon the defendant bank, as maker of said certificate, not to pay same, stating that the certificate was not indorsed by her, but that she was induced by fraud to deliver the certificate to the said O'Brien. No reply was filed by plaintiff to the answer of either defendant.

It is undisputed in the testimony that the plaintiff bank, on May 14, 1921, purchased from J. I. O'Brien the certificate of deposit, paying therefor a valuable consideration. The contest, therefore, is between the payee and a stranger to the certificate of deposit. See *Roy v. Duff*, 170 Iowa 319. The pleaded cause is bottomed on indorsement, and none other. With this setting for the action, we first ask, Upon whom rested the burden of proving the genuineness of Mary Morrisey's signature to the indorsement?

Under the common-law rule, a plea of *non est factum* placed the burden upon the plaintiff, to prove the execution of the written instrument, including the genuineness of the signature. 8 Corpus Juris 998, 999. Until this was done, the instrument was not admissible in evidence. A statute of this state changes the rule. It is provided:

''When a written instrument is referred to in a pleading, and the same or a copy thereof is incorporated in or attached to such pleading, the signature thereto, and to any indorsement thereon, shall be deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing filed within the time allowed for pleading, deny under oath the genuineness of such signature.'' Section 11218, Code of 1924.

It follows, therefore, that the burden of proving the execution of the certificate in question can be placed upon the plaintiff holder only by a sworn denial. *Terhune v. Henry & Carmichael*, 13 Iowa 99. Was the denial under oath by the guard-

ian in his answer a sufficient verification to place the burden on the plaintiff to prove the genuineness of the ward's signature to the indorsement through which plaintiff must predicate its title? The statute provides that a guardian of an insane person must deny in the answer all the material allegations of the petition prejudicial to such defendant. Section 11116, Code of 1924. It is further provided that: "Verifications shall not be required to any pleading of a guardian." Section 11166, Code of 1924. A denial of the execution of a note, made by an administrator in his answer, puts in issue the genuineness of the signature to the note; and the burden is on the plaintiff to show the genuine character of the signature before he is entitled to bring his note in evidence. *Ashworth v. Grubbs,* 47 Iowa 353; *Smith v. King,* 88 Iowa 105; *Hicks v. Northwestern Mut. L. Ins. Co.,* 166 Iowa 532. The sworn denial by the guardian of an insane person, under the instant record, must be given the same legal effect. There was a compliance, as far as the nature of the case allowed and the circumstances would permit. This court has not enforced a servile adherence to the words of the statute by rejecting all denials as insufficient that do not literally deny the genuineness of the signature. *Elliott v. Capital City State Bank,* 149 Iowa 309; *Marshall Field Co. v. Oren Ruffcorn Co.,* 117 Iowa 157.

Did the plaintiff in this case sustain the burden imposed upon it? The question must be answered in the negative unless the witness Mrs. J. I. O'Brien is viewed as a competent witness.

3. WITNESSES: competency: transaction with insane person. Timely and proper objections were made, and exceptions taken. No other witness was called, and no other evidence was offered or introduced to prove the genuineness of the indorsement. Mrs. O'Brien was the wife of J. I. O'Brien, the assignee of the payee of the certificate. She was present during the entire time of the claimed negotiations for the purchase of the certificate by J. I. O'Brien. At the commencement of the examination, she was a witness against the guardian of an insane person as to a personal transaction between the witness and the insane ward. Under her testimony, she took part in the transaction which caused the delivery of the certificate of deposit in suit to her husband, who became the assignor of said certificate to the

plaintiff bank. He was and is an interested party. For the certificate a note was given, in the exact amount due on the certificate. She was a joint maker of said note with her husband. It is idle to contend that she was not a party to the transaction. The evidence is too patent to the contrary. The statute provides:

"No party to any action or proceeding, nor any person interested in the event thereof * * * and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination * * * insane or lunatic, against the * * * guardian of such insane person or lunatic." Section 11257, Code of 1924.

It is recognized that, where a witness joins with another in executing an instrument to an incapacitated party, this makes both of them parties to the transaction, and precludes them as competent witnesses. *Samson v. Samson*, 67 Iowa 253; *Stolenburg v. Diercks*, 117 Iowa 25; 12 Encyc. of Evidence 924.

Without the testimony of Mrs. O'Brien, there is no proof by anyone that Mary Morrisey ever indorsed the said certificate, and without such proof plaintiff must fail. Wherefore the judgment entered is—*Reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.