SARAH ROGERS, PLAINTIFF IN ERROR, v. WALSH & PUTNAM, DEFENDANTS IN ERROR.

Void County Warrants: CONSIDERATION. The plaintiff bought of the defendants what she supposed were, and what purported to be, the warrants of York county, but which having been issued by the county commissioners of that county, without authority of law, were void and of no value. Action to recover the price paid. *Held*, That the pretended warrants were not a valid consideration for the money paid therefor, and that the plaintiff was entitled to recover it back.

ERROR to the district court for Lancaster county. Heard there before POUND, J., on demurrer to the petition.   Demurrer sustained and cause dismissed.

*W. J. Lamb*, for plaintiff in error, cited *School District v. Stough*, 4 Neb., 359.   Benjamin on Sales, secs. 607, 608, 609.   *Thrall v. Newell*, 19 Vermont, 203.   *Terry v. Bissell*, 26 Conn., 40.   *Flynn v. Allen*, 57 Penn. State, 482.   *Lobdell v. Baker*, 3 Met., 469.   *Ellis v. Grooms*, 1 Stewart, (Ala.) 47.   *Cardin v. Boyd*, 11 Heisk., 176. *Howell v. Wilson*, 2 Blackf., 419.   *Turner v. Tuttle*, 1 Root, 350.   *Bank v. Dodge*, 8 Barb., 233.   *Boyd v. Anderson*, 1 Overton, 446.   *Hurd v. Hall*, 12 Wis., 136.   *Fitzgerald v. Plattsmouth*, 10 Neb., 401.

*Mason & Whedon*, for defendants in error, cited *Lambert v. Heath*, 15 M. & W., 486.   *Otis v. Cullum*, 2 Otto, 447.   *Loan Association v. Topeka*, 20 Wall., 665.   *Charter v. Hopkins*, 4 M. & W., 399.   Most of the cases cited by the plaintiff relate to forged paper.   They rest on a different principle than the one at bar.   In those cases, the purchasers did not get what they intended to buy, and did buy.   They got forged paper; and not true and genuine. In the case at bar the plaintiff in error got exactly what she intended to buy and did buy.   The commissioners record of York county, in respect to these warrants, was

open for her inspection and examination, and it was a question of law whether these warrants were *ultra vires* and not of fact, and it is too well established that money paid under a mistake of law cannot be recovered back, to need citation of authorities in this court for its support. Here was no bad faith, no liability *ex delicto*, no claim or pretense of that kind. And here is a full performance of everything that the law implies *ex contractu*, that the warrants belonged to the defendants in error, that they were not forgeries. It is admitted that the warrants sold were not forgeries, it is admitted that they belonged to Walsh & Putnam, that there was no warranty or guaranty. There was no express stipulation, there was no liability beyond the implied guaranty that Walsh & Putnam were the owners of these warrants, and where there is no express stipulation there is no liability.

LAKE, J.

The warrants in question having been issued by the commissioners of York county without authority of law, were void. We have presented to us, therefore, the single question, whether, under the circumstances of their sale, they were a good consideration for the money which the plantiff paid for them.

It is averred in the petition that at the time of this purchase, and the payment of the money, there were genuine valid county warrants in the market where these were bought, and that the plaintiff supposed those in question to be such, until long after she received them. Indeed, from the facts alleged, there can be no doubt that the purchase was made with the full belief on her part, and probably on the part of the defendants, that what was obtained by it were the genuine warrants of York county. Such being the case, but for the seeming confidence of the defendants' counsel in the strength of their position, we would not suppose a doubt could

have existed that there was an entire want of considera-
tion for the payment of the money, and that the plaintiff
was entitled to a return of the price paid for what had
proved to be wholly worthless.

The defense here made rests chiefly upon the author-
ity of two cases cited, one English and the other Ameri-
can, viz. *Lambert v. Heath*, 15 M. & W., 484, and *Otis v.
Cullum*, 2 Otto, 447. But the facts of those cases were so
different in character from those of the one at bar, that
the governing principle in them is inapplicable here. In
those cases the purchasers actually obtained just what
they had contracted to buy, and the decisions were put
upon that ground alone, there being no express warranty.
Here, however, the purchase was of the warrants of York
county, while in fact what were received as such were not
the warrants of that county at all, but only things in their
similitude. Having been issued by the commissioners
without authority of law, they can no more be considered
the obligations of that county, than if signed by any other
of her citizens. They are merely valueless pieces of
paper, resembling York county warrants, nothing more.

The principle that should govern here, was applied in
the case of *Young v. Cole*, reported in 32 Eng. Com. Law,
334, and cited in Benj. on Sales, Sec. 607. The sale
there considered was of certain Guatemala bonds, which,
because unstamped, had been repudiated by the govern-
ment of that state, and were therefore valueless, of which
facts both seller and purchaser were at the time ignor-
ant, and it was held that the defendant should restore the
price he had received. In commenting upon the facts of
that case Tindal, C. J., said, that the contract was for real
Guatemala bonds, and the question was not one of war-
ranty, but whether the defendant had not delivered some-
thing which, though resembling the article contracted to
be sold, was of no value.

On the facts alleged in the petition we are of opinion

that the pretended warrants were not a valid considera-
tion for the price paid therefor, and that the plaintiff
should recover. The judgment is therefore reversed, and
the cause remanded to the court below for further pro-
ceedings.

REVERSED AND REMANDED.