HOMAN J. WALSH, PLAINTIFF IN ERROR, V. SARAH ROGERS, DEFENDANT IN ERROR.

1. **County Warrants:** VOID. Warrants issued by county commissioners for a purpose not within their jurisdiction are void, and do not bind the county.

2. ————: PURCHASE OF. Where one purchases what purports and is supposed to be the genuine warrants of a county, but which are void because issued without authority, the purchaser, upon discovering their true character, may at once rescind the contract of purchase, and recover the price paid for them.

3. ————. And in order to recover from the seller the price paid for them, it is not necessary for the purchaser to first seek their payment from the county.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The case came before this court in 1881, being reported, 12 Neb., 28. After reversal here, and the making up of issues below, the plaintiff Rogers recovered judgment for the amount sued, and defendant Walsh brought the case up on a petition in error.

*Mason & Whedon,* for plaintiff in error, cited: Chitty on Bills, § 247, and cases cited. *Lambert v. Heath,* 15 M. & W., 486. *Osborn v. Nicholson,* 13 Wall., 659. *Boyce v. Table,* 18 Id., 548. *Otis v. Cullom,* 2 Otto, 427. *Baxter v. Duren,* 29 Me., 440. *Fisher v. Pierman,* 12 Ind., 497. *Ferm v. Harrison,* 3 Tenn. R., 759. *Bank of England v. Newman,* 1 Lord Raymond, 442.

*Walter J. Lamb,* for defendant in error, cited in his former brief: 12 Neb., 28. 2 Wharton Contracts, 745. *Wood v. Sheldon,* 42 New Jersey Law, 423. *Dumont v. Williams,* 18 Ohio State, 519. *Tyler v. Bailey,* 71 Ill., 34. Story Contracts, § 605. Burrough's Public Securities, 512. *Allison's Case,* 9 Ch. App., 24.

LAKE, CH. J.

The main question presented in this record was considered in *Rogers v. Walsh & Putnam*, 12 Neb., 28, when the case was before us on a demurrer to the petition. We then held that, on the facts stated, the pretended warrants were not a good consideration for the money paid for them, and that the plaintiff could recover it.

Adhering as we still do to the views expressed in the opinion there given, it is hardly necessary nor would it be profitable to go over again the ground then occupied. All that seems necessary is to ascertain whether, in the progress of the case, anything has been disclosed to make the principle of that decision now inapplicable.

Turning to the answer, we find that in addition to a general denial of the allegations of the petition the matters relied on as a defense are, substantially, that the plaintiff "knew all the facts in relation to said warrants," relied on her own judgment in making the purchase, and "expressly understood and agreed that she took the said warrants or pieces of paper at her own risk as to validity and value." These averments were denied by the reply, and there is no evidence to support them. Even Walsh himself, who testified, does not pretend that Mrs. Rogers agreed to take the paper at her own risk. Both parties to the transaction evidently supposed they were dealing with county warrants—genuine obligations—and so far as appears nothing was done to relieve Walsh & Putnam from the implied warranty of a seller of such paper, that it is in fact just what it purports to be. This paper was not what it purported to be. It was a nullity. In making it the county commissioners were outside of their jurisdiction entirely. Therefore the claim of counsel, that Mrs. Rogers should not be permitted to resort to Walsh & Putnam because she had failed to call upon the county for payment, is untenaable. In this connection it is suggested that if the warrants

had been presented to the county treasurer he might possibly have paid them. But this bare possibility imposed no duty on Mrs. Rogers. She was no more required to first resort to the county for the payment of these warrants before seeking a return of the consideration paid for them, than would be the purchaser of a forged promissory note to look to the nominal maker before resorting to the seller for the recovery of the price paid for it. These instruments, although purporting to be the warrants of York county, in fact were not. So far as concerned the county they were void and as worthless as blank paper. Immediately upon discovering the spurious, worthless character of what she had been given for her money, Mrs. Rogers had the right to rescind the contract and recover the price paid.

The argument of counsel for the plaintiff in error proceeds on a false premise. It assumes that in issuing these warrants, the commissioners had jurisdiction to do so, although they may have acted unwisely, and perhaps illegally. It is, however, a firmly established rule of this court, that county commissioners have only such powers as are expressly granted, or are essential to their due exercise. *Hamlin v. Meadville,* 6 Neb., 227, and cases there cited. Every act of these officers not falling within this rule is void, and although it may possibly have the effect to render them personally liable for any injury thereby done, is no more binding on the county than it would be if they were merely private individuals. Anything done outside of their jurisdiction cannot properly be said to be the act of the county. It is clear that the court below has kept within the rule of our former decision on the demurrer to the petition, and the judgment must be affirmed.

JUDGMENT AFFIRMED

THE other judges concur.