Haynes, J.
This suit is brought to reverse the judgment of the court of'common pleas, which judgment was rendered in a case in which a demurrer was filed ro the petition, and upon the demurrer being sustained, an amended petition was filed, and a demurrer was sustained as to that, and the plaintiff not desiring to amend his petition further, judgment was ren? dered against the plaintiff in the court below. The plain? tiff in error was the plaintiff in the court of common pleas, On the 29th day cf June, 1885, or sometime thereabouts, the defendant, William I. Squire, sold to the Farmers’ National Bank of Greenville, Ohio, a paper, of which the following is a copy:
“No. 83. Office of the Board of Education of Greenville
“$389.70. Township, Darke County, Ohio, June 29, 1885.
“The treasurer of said township will pay to W. I. Squire or bearer, three hundred eighty-nine dollars 70-100, for the People’s Encyclopedia, one set for each subdistrict of Green? ville township, to be paid for June 29, 1886, without inter? est,out of school-house contingent fund in the treasury, for use of subdistrict No.---.
“By order Board of Education. Louis D. Lott, President.
“Q. M. Shoemaker, Clerk.”
*698 It appears by the petition that after the purchase of that by the bank, that the bank presented it for payment, and payment being refused, a suit was brought against the board of education to recover the amount which is statd in that order or warrant, and such proceedings were had that the case was taken frcm the common pleas court to the circuit court, and finally to the supreme court. At the time the original petition was filed in the case here, it w'as set up that suit had been commenced and judgment had been rendered in the circuit court in favor of the board of education, holding that the board of education had no power or authority to make the purchases in question. After the case was heard upon the first petition, it was allowed to remain in the court of common pleas for a considerable length of time while the other case was being disposed of in the supreme court. After the disposition of that case, it is stated by counsel in court, and not disputed, although of course it is not a part of the record, that counsel for the Farmers’ National bank requested leave to file an amended petition setting up the disposition of the case in the supreme court, and was allowed to do it. Upon the hearing, however, and upon the reading of the petition, it was found that there had been a change made which it was claimed was a material change in the case. I will read a portion:
“That on the 29th day of June, 1885, the board of education of the township of Greenville, Darke county, Ohio, caused jo lie issued to the defendant its warrant or order, in writing, directed to the treasurer of the said township of Greenville, of which the following is a copy, viz.: (The same as that already read). Which order was duly delivered to defendant by the officers of said board of education, and that on said date, to-wit: June 29, 1885, the defendant presented said order to the plaintiff, at its counter, and represented the same to be a good and valid claim against said board of education, and in consideration of the sum of $858.50 to him then and there paid by plaintiffs, sold and delivered said order to plaintiffs.”
Then it proceeds to set up the litigation that has occurred in the case. The change that was made is in this: “And represented the same to be a good and valid claim against said board of education.” Counsel for the defendant in error requested counsel for the plaintiff in error to erase that, but counsel declined todo so saying that if the court should reverse the case upon that particular allegation he would pay the costs incurred in filing the petition in error.
*699 Counsel for plaintiff contend very strenuously that here is a liability on the part of Mr. Squire to return to the bank the money that he received from the bank at the time of the sale cf this property or this paper; on the other band, it is contended on the part of the defendant in error that there is no legal liability arising from- Mr. Squire to the bank to refuud that money. Counsel for plaintiff in error have cited 32 Eng. L. R., 312; 12 Neb., 28; 15 Neb., 309; 42 N. Y. L. R., 421; 75 Eng. Com. Law, E. & B., 849, as leading oases; while on the part of defendant, his attorneys cited 92 U. S., 447; 72 N. Y., 506; 55 Sup. Ct., 233. I do net propose to discuss these cases c r to enter into any elaborate opinion in the case, lit is sufficient to say that the authorities are divided. Some of the authorities cited by counsel for plaintiff fully sustain the position that he takes in the case, while the authorities cited on behalf of the defendant in error fully sustain the position that he takes in the -case. The weight of authority I am inclined to think is in favor of the defendant in error. Suffice it to say, under this stale of the law, we are unable to say that there is any manifest error in this record, and we shall therefore affirm it, and leave it for counsel to take it to the supreme court, and let them decide what the law of Ohio ought to be or shall be after its decision.
There is one thing that would seem to raise some equity in favor of the bank. We suppose that Mr. Squire, upon the decision of the supreme court, or any court, holding that the board of education had no power to buy these books, would have had the right to reclaim the books on ihe ground that there had never been a valid sale, and therefore no title conveyed. Whether he did or net, we do not know. It would happen in that case that he would have the books for which he sold the order to the bank, as well as the money which he received from the hank. Nevertheless, the leading authorities are, we think, that the only warranty there is at the time of sale, is simply that the title of the holder is good, that the paper is genuine, and is not a ■forgery.
In regard to this allegation that is made .here in this amended petition, we do not place an actionable reliance upon it which would entitle the case to be reversed. The representation is “That he represented the same to he a good andvalid claim against said board of education. ” We think that amounts simply tc this, that there was a good consideration paid for this piece of paper; that it was executed *700 by the board as a valid piece of paper. In other words, it amounts to practically what the law implies: that he has a good title to that piece cf paper, and that the execution of the paper is genuine. And the averment of the petition is that the board of education did cause that piece of paper to be duly executed; the allegation being, as I have already read, “That on the 29th day of June, 1885, the board of education of the township of Greenville, Darke county, Ohio, caused to be issued to the defendant its warrant or order, in writing, directed to the treasurer, “etc. The fact of the order being invalid by reason of want of power, or the fact that the board cf education had no power whatever to purchase these books, or to draw an order to pay for the same, was a fact that is fixed by the laws of the state of Ohio; it was a matter that was equally open to the plaintiff and the defendant. So far as it appears, cue had as muon knowledge upon that subject as the other. Both of them presumed that the paper was a good piece of paper. There is no allegation of fraud on the part of Mr. Squire in making the sale beyond that particular allegation; there is no allegation that he made any other representation; and with the case standing in that position, as I have already said, we deem it cur duty to affirm the judgment of the court of common pleas.
Doyle, Scott & Lewis, for Plaintiff in Error.
Paths, VanCamper & Adelsperger, for Defendant in Error.