### B. S. WILLIAMS & others *vs.* BENJAMIN F. HOLT.

Middlesex. January 11, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Promissory Note — Deposition — Amendment of Writ and Declaration — Evidence.*

An objection to the admission of a deposition on account of changes made in the writ and declaration after the issue of the commission cannot avail, if, under Pub. Sts. c. 167, § 42, the court in allowing the amendments must have found that there was no change in the cause for which the action was intended to be brought.

In an action against the maker of a promissory note he excepted to the admissibility of certain answers in a deposition which were to the effect that, shortly before the date of the note the witness sold to the defendant a windmill, tower, pump, and fixtures; that the defendant made to him certain payments in cash on the note, and that, if he had the note in his possession when the payments were made he indorsed them, but not having the note to examine he could not state positively; and that in all these matters he acted as agent for the plaintiff. In another answer, to which no objection appeared to be made at the trial, the witness said that the note was given for the windmill, etc., and he gave

a full account of the transaction and circumstances. In his answer to the decla-
ration the defendant had denied everything including the signature, and had
set up a want of consideration and a failure of consideration. *Held*, that the
defendant had no ground of exception to the admission of the answers.

Where the plaintiff, in an action upon a promissory note, is the payee thereof, the
production of the note is sufficient; and the objection of the defendant to its ad-
mission because no witness testified as to who was the holder of it cannot avail.

CONTRACT, upon three promissory notes, one for eighty and
two for one hundred dollars each. At the trial in the Superior
Court, before *Fessenden,* J., the jury returned a verdict for the
plaintiffs; and the defendant alleged exceptions, which appear
in the opinion.

*P. H. Hutchinson,* for the defendant.

*I. B. Forbes,* for the plaintiffs, submitted the case on a brief.

ALLEN, J. This is an action brought to recover upon three
instruments in writing, signed by the defendant, promising to
pay money, and dated November 1, 1888. The writ bears date
August 1, 1895. One of these instruments was payable on or
before one year after date; another, on or before August 1, 1889;
and the other, on or before March 10 after date. Copies were
annexed to the declaration, and the payees named in the copies
were " Williams Mfg. Co., successors to B. S. Williams & Co.,
or order." The original plaintiffs were B. S. Williams, carrying
on business under the name of B. S. Williams and Company,
and the Williams Manufacturing Company, a corporation.

On January 10, 1896, the plaintiffs filed a motion to amend
their writ by striking out the names of the plaintiffs and substi-
tuting " Bradley S. Williams, Malcomb B. Williams, and Homer
Manvel," described as partners under the name of B. S. Williams
and Company. They also moved to amend the declaration by
substituting a new one, with counts upon three promissory notes
made by the defendant, payable to the plaintiffs or order, copies
of which were annexed. These copies were like the others, ex-
cept that the payees named therein were " B. S. Williams & Co.
or order." The motions to amend were allowed February 21,
1896.

The bill of exceptions states that the notes may be referred
to, and they were produced before us. Printed forms of notes
were used, and the name of B. S. Williams and Company or
order was printed therein as payees; and upon the face of each

note, diagonally over the names of the payees, and so as not to obscure the same, the words " Williams Mfg. Co., successors to " were stamped in red ink. When or by whom this was done did not appear, and no question concerning this is presented by the bill of exceptions.

On January 26, 1896, after the plaintiff's motions to amend had been filed and before they were allowed, the plaintiffs took out a commission for taking the deposition of a witness, one Brown, in Michigan. In this commission, " B. S. Williams et als." were named as plaintiffs in the action, and B. F. Holt as defendant, and copies of the instruments sued on were annexed, like those in the amended declaration. The deposition was duly taken on February 27, 1896, and was offered in evidence at the trial.

The defendant objected to the admission of this deposition, on account of the changes made in the writ and declaration after the issue of the commission. But under the statutes, (Pub. Sts. c. 167, § 42,) the court in allowing the amendments must have found that there was no change in the cause for which the action was intended to be brought, and the deposition was rightly admitted. *Weatherby* v. *Brown,* 106 Mass. 338.

The defendant further excepted to the admissibility of certain answers contained in the deposition. These answers were to the effect that about July 31, 1888, the witness sold to the defendant a windmill, tower, pump, and fixtures; that the defendant made to him certain payments in cash on the notes in suit, and that, if he had the notes in his possession when the payments were made he indorsed the payments, but not having the notes to examine he could not state positively; and that in all these matters he acted as agent for the plaintiffs. In another answer, to which, so far as is shown by the bill of exceptions, no objection was made at the trial, the witness said that the notes were given for the windmill, etc., and he gave a full account of the transaction and circumstances. We see no ground whatever for this exception. In his answer to the declaration the defendant had denied everything, including the signatures, and had set up a want of consideration, and a failure of consideration.

The defendant objected to the admission of the notes, because no witness testified as to who were the holders of them. The

plaintiffs being payees, the production of the notes was sufficient.    2 Greenl. Ev. § 163.    So far as appears, it was not questioned at the trial that the plaintiffs were the persons composing the firm of B. S. Williams and Company, and the evidence upon that point may have been full.    *Exceptions overruled.*