UNITED STATES v. NATIONAL BANK OF REPUBLIC. SAME v. NATIONAL BANK OF COMMONWEALTH. SAME v. NATIONAL EXCH. BANK.

(Circuit Court, D. Massachusetts. May 26, 1902.)

Nos. 1,189, 1,190, 1,191.

BILLS AND NOTES—FORGED INDORSEMENT—RECOVERY OF PAYMENTS—PLEADING.
    In an action to recover money paid by plaintiff to defendant on a check bearing a forged indorsement of the name of the payee, as money belonging to plaintiff paid out through mistake and without consideration, delay in notifying defendant of the forgery, if such as to defeat recovery, is matter of defense, and need not be negatived in the declaration, nor is an allegation of demand necessary.

At Law. On demurrer to declarations.

The United States Attorney.
Charles K. Cobb, for defendants.

LOWELL, Circuit Judge. The plaintiff's declaration contains many counts arranged in pairs. The pairs are precisely similar except for the dates of the checks therein described. The first pair of counts reads as follows:

"Count 1. And the plaintiffs say that the Pension Agent of the plaintiffs at Boston, in said district, lawfully issued a certain check drawn on the assistant treasurer of the plaintiffs at said Boston, payable to the order of Mahala B. Jaques, a copy whereof, with the indorsements thereon, is hereto annexed, marked 'A'; that a signature purporting to be the true and genuine signature of the said Jaques was afterwards indorsed thereon; that said signature in fact was not the true and genuine signature of the said Jaques, but was false, forged, and counterfeit; that the defendant indorsed said check bearing said false, forged, and counterfeit signature, and presented it for payment to the said assistant treasurer, who paid the amount of the

same to the defendant. And the plaintiffs say the defendant owes them the amount of said check.

"Count 2. And the plaintiffs say that the defendant owes them the sum of $36, received by the defendant to the use of the plaintiffs."

To this declaration the defendant demurred on the following grounds:

"(1) That said count does not state a legal cause of action.

"(2) That no demand is alleged on the defendant for the amount of the check therein specified.

"(3) That no notice was given to the defendant that said check bore a false, forged, and counterfeit signature.

"(4) That no reason is alleged for not making such demand or giving the defendant such notice.

"(5) That the defendant had, up to the time of the bringing of the suit, any knowledge that said check bore false, forged, and counterfeit signature."

Assuming, for the sake of the argument, that undue delay on the part of the plaintiff in notifying the defendant of the forgery will defeat the plaintiff's right to recover, this court has to decide if that delay must be negatived in the declaration or should be set up by way of defense in the answer. The first count of the declaration says nothing about the matter one way or the other. That undue delay is matter of defense is pretty plain. The plaintiff's right of action arises from the mere retention by the defendant of money which, in justice, does not belong to the latter. "Money thus paid under a mistake of fact is recoverable, because it is paid without any actual consideration, and cannot equitably be retained." U. S. v. Park Bank (D. C.) 6 Fed. 852, 853. It has been decided that no allegation of demand upon the defendant is necessary to a right of action. Sturgis v. Preston, 134 Mass. 372; Dill v. Wareham, 7 Metc. 438. In United States v. Clinton Bank (C. C.) 28 Fed. 357, it appears that the defense was set up in the answer. The demurrer, so far as it applies to the first count of the declaration, must therefore be overruled. The second count is plainly good.

Demurrer overruled.