AMERICAN EXPRESS COMPANY, Appellant, v. PEOPLES SAVINGS BANK, Appellee.

**BILLS AND NOTES: Payment and Discharge—Drawee's Right to Recover Payment on Forged Indorsement.** A drawee who pays a draft to one whose right to the draft rests on a forged or unauthorized indorsement may, without pleading just how or in what manner he has been specially damaged, recover the amount of the payment from the one to whom payment was made, as money had and received on a mistake. So held where the drawer unwittingly made the draft payable to a fictitious or nonexistent person, and where the purchaser of the draft indorsed the name of the fictitious payee and cashed the draft.

**BILLS AND NOTES: Negotiability and Transfer—Fictitious Payee.** A draft payable to a fictitious or nonexisting person is not legally payable to bearer unless the *drawer* so intended—unless the *drawer* makes it payable to a payee that he *knows* is fictitious or nonexistent.

**BILLS AND NOTES: Transfer by Indorsement—Name of Fictitious Person.** The indorsement on a draft, by the purchaser, of the name of a payee who, *unbeknown to the drawer*, is a fictitious or nonexistent person, is "forged and made without authority," within the meaning of Sec. 3060-a23, Code Supplement, 1913, and wholly inoperative. Especially is this true when there is evidence of an actual intent to defraud.

*Appeal from Linn District Court.—F. O. ELLISON, Judge.*

MARCH 10, 1921.

REHEARING DENIED OCTOBER 24, 1921.

ACTION at law to recover $7,187, proceeds of four drafts issued by plaintiff as drawer and paid by plaintiff as drawee, and alleged to have a forged or unauthorized indorsement thereon, through which defendant bank secured its title prior to presentment and payment. Verdict of jury under direction of the court, finding for defendant. Judgment entered against plaintiff for costs. Plaintiff appeals.—*Reversed.*

*Dawley & Jordan* and *Herbert F. Goodrich*, for appellant.

*Redmond & Stewart*, for appellee.

DE GRAFF, J.—One M. L. Crozer, of Cedar Rapids, Iowa, purchased four drafts from the plaintiff American Express Company in the aggregate sum of $7,187, and at the time of purchase gave to the company his personal checks, drawn on the defendant bank. The company was the drawer and the drawee, and the drafts were all of like tenor, except the respective amounts named therein and the payees to whose order they were drawn. The payee in the first draft purchased was "Western Evergreen;" in the second and third, "West Coast Co.;" and in the fourth, "Western Evergreen Co."

1. BILLS AND NOTES: payment and discharge: drawee's right to recover payment on forged indorsement.

The "West Coast Co." is a fictitious person, and the "Western Evergreen Co." *may* have been a firm doing business in San Francisco. It was not known by the drawer (American Express Company) that these drafts were payable to the order of fictitious or nonexisting payees.

After receiving said drafts from the express company, Crozer indorsed them by writing thereon respectively the names of the payees, and cashed same at the defendant bank. These drafts were then indorsed by the cashier of the defendant bank to the order of the Continental and Commercial National Bank of Chicago, with the further written statement, "Prior indorsements

guaranteed.'' The drafts were presented by the Chicago bank to the treasurer of the plaintiff company for payment, and the same were paid in full to the said National Bank, the latter remitting to the defendant bank the amounts received. The plaintiff company, not having realized on the checks received by it from the purchaser Crozer, now sues to recover from the defendant bank the several amounts so paid.

The pertinent and primary question on this appeal is: Did plaintiff on its evidence make a prima-facie case? No evidence was introduced by defendant. The trial court sustained defendant's motion at the close of plaintiff's testimony, and directed a verdict in defendant's favor.

If plaintiff's petition stated a cause of action, and its averments were sustained by plaintiff's evidence, then the court was in error in directing a verdict, regardless of the defenses tendered by the answer, and regardless of the failure of plaintiff to allege and prove special damage. Plaintiff did plead:

''That the claim for the amounts paid by plaintiff to take up said drafts is still the property of the plaintiff and is wholly due and unpaid, though demand has been duly made by plaintiff upon defendant therefor.''

This appeal presents the question: *May a drawee, without pleading and proving a special damage, recover the proceeds of a draft payable to the order of a fictitious or nonexisting payee not known to be such by the drawer, from a person to whom it was paid through a forged or unauthorized indorsement?*

With the answer to the question, this opinion concerns itself, and the answer must be found in the Negotiable Instruments Law of this state, and if not contained therein, under the rules of the law merchant. (Section 3060-a196, Code Supplement, 1913.)

I. *Were the instruments in suit payable to bearer?*

The drafts in question are negotiable in form, and payable either to fictitious or nonexisting persons.

2. BILLS AND NOTES: negotiability and transfer: fictitious payee.

When a draft is payable to the order of a fictitious or nonexisting person, and such fact *is known* to the *drawer*, it is payable to bearer. Section 3060-a9.

When the name of the payee does not purport to be the name of any person, it is also payable to bearer. *Ibid.*

"Person" includes a body of persons, whether incorporated or not. Section 3060-a191.

The plaintiff company, as drawer, intended that these drafts should be paid to the named payees, and not to the purchaser, Crozer, and it was not known by the drawer that these drafts were payable to the order of fictitious or nonexisting payees. This being true, the drafts were not payable to bearer.

Were they payable to Crozer himself, so that his indorsements of them are valid? No doubt he intended them to be so payable, although he indorsed by writing the names of the payees, and added to the first draft his own name. In other words, Crozer himself intended to be the payee, but the drawer did not intend to make him so. If, in fact, there was a genuine firm, it alone could indorse; if there was not a genuine firm, then nobody could indorse. The drafts would not be payable to bearer, because the drawer did not know that the payees were fictitious or nonexisting. They would not be payable to Crozer, because the drawer did not intend that the drafts should be so payable. See *Seaboard Nat. Bank v. Bank of America,* 193 N. Y. 26 (85 N. E. 829); *Shipman v. Bank,* 126 N. Y. 318 (27 N. E. 371); *United Cigar Stores Co. v. American Raw Silk Co.,* 184 App. Div. 217 (171 N. Y. Supp. 480).

The intent of the drawer is the test, and this intention must necessarily arise from knowledge, and exist as an affirmative fact in the mind of the drawer at the time of the delivery of the paper.

The names of the payees in these drafts are not in the same category as "cash," "bills payable," "expenses," "estate," and words of similar import. The latter do not import to be the name of any person. Furthermore, the evidence discloses that the names used were not the trade or assumed name of Crozer.

True, the drawer, by drawing the instrument, admits the existence of the payee, and his then capacity to indorse. Section 3060-a61. This, however, confers no authority upon the purchaser to indorse the name of the payee and negotiate the instrument.

II.  *Were the indorsements of the names of the payees by Crozer forged or unauthorized signatures, within the meaning of the statute?*

It is provided:

3. BILLS AND
NOTES: transfer
by indorsement:
name of ficti-
tious person.

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." Section 3060-a23.

This provision makes the forged or unauthorized signature inoperative, and the inhibition precludes a recovery on the instrument against any person, where the right of recovery is predicated on such inoperative signature. *Beem v. Farrell,* 135 Iowa 670; *Tolman v. American Nat. Bank,* 22 R. I. 462 (48 Atl. 480). If a drawee pays an instrument to one who claims under a forged or unauthorized indorsement, he can recover back, even from a holder in due course. The holder did not own or secure title to the instrument that was paid. The payment was due to another.

Suppose Crozer had indorsed in the same manner and presented the drafts to the drawee, and received payment thereon. Plaintiff would be in the same position as it is now as to Crozer. It could sue him for money had and received. The defendant bank, if title failed, is in the same position, and is liable for money had and received. *United States v. National Bank of the Republic,* 141 Fed. 208; *Levy v. First Nat. Bank,* 27 Neb. 557 (43 N. W. 354); *Corn Exch. Bank v. Nassau Bank,* 91 N. Y. 74.

Suppose the drawee had refused to pay the drafts to the defendant bank, as was its privilege, and the bank became plaintiff, to recover from the drawer the moneys paid by the bank to Crozer. It would recover, if at all, on the strength of its own title. The express company could defeat a recovery, as it could show that the title of the bank was predicated on forged or unauthorized indorsements. The drafts were payable

"to order," and required the payees' indorsements. Section 3060-a64. The mere possession by a person other than the payee, of an unindorsed negotiable instrument not payable to bearer, is not prima-facie evidence of ownership. *Roy v. Duff,* 170 Iowa 319; *Hathaway v. County of Delaware,* 185 N. Y. 368; *Shepard v. Hanson,* 9 N. D. 249; *Tyson v. Joyner,* 139 N. C. 69.

To be a de-facto holder of a bill or note payable to order, such holder must not only have possession, but must be the person to whom it is payable. Ogden on Negotiable Instruments, Section 95. Where plaintiff is the payee, the production of the paper is sufficient. *Tullis v. McClary,* 128 Iowa 493; *Williams v. Holt,* 170 Mass. 351. If the instrument is payable to bearer, or, if payable to order, is indorsed in blank, possession is sufficient evidence of title to make a prima-facie case. Crozer, in the instant case, was neither the payee nor the indorsee, and furthermore, he was not in possession of "bearer" paper. Section 3060-a191.

Plaintiff proved that the indorsements through which the defendant bank secured its apparent title were through unauthorized signatures, if not forged in the criminal sense. Clearly, these indorsements were made "without the authority of the person whose signature they purported to be." It was upon the defendant to allege and prove estoppel "precluding plaintiff from setting up want of authority." It is not incumbent upon the plaintiff to negative the defensive matters contemplated by the statute. The defendant bank was under no obligation to honor the drafts. It could pay or refuse to pay. Every indorsement involves the certainty of two things: (1) The identity of the indorser, and (2) the genuineness of his signature. See *Armstrong v. Pomeroy Nat. Bank,* 46 Ohio St. 512; *Guaranty St. Bk. & Tr. Co. v. Lively,* (Tex.) 149 S. W. 211. It was the bank's duty to ascertain both before paying.

Does it make any difference that the drawer and the drawee are one and the same person? In such case, the payee or holder may treat the draft as a promissory note, if he so desires. Section 3060-a130.

The signature of a fictitious name or firm, made with the intent to defraud, constitutes forgery. *Harmon v. Old Detroit Nat. Bank,* 153 Mich. 73 (17 L. R. A. [N. S.] 514); *Buckley v.*

*Second Nat. Bank,* 35 N. J. L. 400.  Did Crozer have an intent to defraud?  This is a fact question.  His having no funds in bank (a mere incident of the case) with which to meet his personal checks at the time he bought the drafts, and his having inserted in said drafts the names of fictitious or nonexisting persons as payees, and his having indorsed these names, contrary to the intent of the drawer, afford some evidence of a general, if not a specific, intent to defraud.  Conceding that Crozer had in mind the ''Western Evergreen Co.'' of San Francisco, which he did not owe, still no authority was given by that firm to indorse, nor was he its agent for any purpose.

The trial court was in error in sustaining defendant's motion for a directed verdict, and in directing the jury to return a verdict for defendant.  Plaintiff established a prima-facie case when it rested.  The judgment entered is—*Reversed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.