No. 2680 Northern Suffolk, ss.

GROSSMAN (Morris B. Frankel)
v. GREENBERG (Israel Woronoff, Harry N. Cushing)

From the Municipal Court of Dorchester District—Rose, J.

Argued May 26, 1941—Opinion Filed July 14, 1941

———

JONES, P.J. (Pettingell, & Sullivan, JJ.)—These are two actions of contract to recover rent on a written lease.

It appears that the defendant occupied the store mentioned in the lease from the date of the lease up to October 19, 1938, paying the rent stipulated therein; that, on the latter date mentioned he sold out the stock and fixtures therein to one Soloway, to whom he assigned the lease, for which assignment no permission was obtained from the plaintiff. Soloway in turn sold the store to one Young, without consultation with either plaintiff or defendant; Young took possession and paid the

[ 47 ]

monthly rent, reserved under the lease, to the plaintiff; later, Young, in turn, without consulting either plaintiff or defendant, sold the store to one Wood who took possession and paid the monthly rent to the plaintiff until October 1, 1939, when this tenant gave notice in writing to the plaintiff that she would vacate the premises October 31, 1939; that on October 13, 1939, the plaintiff notified the defendant that she would hold him responsible for the rent accruing under the lease for the balance of the term; that on November 1, 1939, plaintiff received the keys to the store from Wood; that thereafter, plaintiff placed a to-let sign upon the premises and advertised the store for rent; that on November 2, 1939 the plaintiff demanded of the defendant the November rent.

The trial judge found for the plaintiff.

It is undoubtedly the rule that "when a lease is executed by the lessee and not by the lessor, and the lessee has entered and enjoyed the premises, he is liable to payment of the rent." It is a unilateral agreement. *Buffington* v. *McNally*, 192 Mass. 198; *Hall Landlord & Tenant*, 3d Edition, sec. 50. And the assignor of a lease remains liable to the lessor during the term upon the express covenants of the lease through privity of contract, and this rule is not abrogated by the acceptance of rent by the lessor of the assignee of the lease. *Johnson* v. *Stone*, 215 Mass. 219.

In the case of *Amory* v. *Kannofsky*, 170 Mass. 351, relied on by the defendant, there was a surrender of this lease by the lessee and an acceptance of the same by the lessor's agent, and thereafter the court said, "The facts bring this case within the rule, that where by the *agreement between the lessor and lessee*, the lessee abandons his possession and the lessor resumes possession of the premises, there is a surrender in law."

And the defendant could not, by his own act, relieve himself from his contract liabilities without the plaintiff's consent. *Jones* v. *Parker*, 163 Mass. 564.

In other words, in order to accomplish a surrender by operation of law there must be a meeting of minds between the plaintiff and the defendant, amounting to a concurrence in the common intent of relinquishing the relation of landlord and tenant by acts tantamount to a stipulation to put an end to the lease; and the mere fact that a third person occupied the premises under an agreement with the tenant, and even with the knowledge of the landlord, will not raise a presumption of a surrender, especially where the original lease is not cancelled or given up. *Brewer* v. *Dyer*, 7 Cushing, 337, and even if the lessor had consented to an assignment of the lease and thereafter collected the rent from the assignee, that would not have relieved the original lessee from his contract to pay rent, *Hamlen* v. *Rednalloh Co.*, 291 Mass. 122, and the obligation to pay rent could be only terminated by a surrender of the lease accepted by the lessor.

The trial judge found "that the acceptance by the plaintiff's

agent of the keys when they were tendered by Catherine Wood was not an acceptance of surrender of the premises. It was also found that plaintiff's agent notified the defendant by letter that she would hold the defendant responsible for the rent accruing under the lease for the balance of the term. And the plaintiff, after notice of the giving up of the last tenant, promptly notified the defendant thereof, which clearly indicates that plaintiff considered the lease still in force, *Leavitt v. Maykel*, 210 Mass. 55. The acts of the plaintiff were fully consistent with the finding that he took possession of the premises and attempted to rent them, putting a to-let sign thereon and advertising in the newspaper, all for the purpose of cutting down the damages that defendant would have suffered by loss of the tenant.

We find no error in the denial of the defendant's requests for rulings. Report dismissed